NEAL *v.* STUART FOUNDRY CO.

1. Master and Servant—Workmen's Compensation Act—Certiorari—Question of Fact Not Reviewable.

On certiorari to review award of compensation to injured employee under workmen's compensation act, finding of department of labor and industry on question of fact as to whether employee's injury arose out of and in course of his employment is final, since certiorari brings to Supreme Court for review questions of law only.

2. SAME—NOTICE OF DEFENSES.

Notice of defense by employer and insurer that at time employee was injured he was illegally in country is necessary.

3. SAME—APPLICATION TO AMEND DENIAL OF LIABILITY—ILLEGALLY IN COUNTRY.

Where, at time of hearing before deputy commissioner, employer and insurer knew that injured employee was charged with being illegally in country, but made no effort to amend their denial of liability at that time or before hearing on review, their application about two weeks thereafter to amend and take additional testimony on said ground was properly denied.

4. SAME—PAYMENTS NOT SUSPENDED DURING PERIOD EMPLOYEE IN JAIL—DUE PROCESS.

That employee, after his injury, was confined in jail, is insufficient reason for suspending compensation payments for that period, since to summarily suspend, on that account, a fixed award, would deprive him of property without due process of law.

5. SAME—SAVING QUESTIONS FOR REVIEW.

On certiorari by employer and insurer to review award of compensation to injured employee, where latter took no steps to review disallowance by full board of claim for surgical care allowed by deputy commissioner, said question is not before Supreme Court for determination.

Certiorari to Department of Labor and Industry. Submitted January 23, 1930. (Docket No. 15, Calendar No. 34,530.) Decided March 7, 1930.

Petition by Edward J. Neal against Stuart Foundry Company and the Michigan Reciprocal Association for accidental injuries received while in defendant's employ. From an order awarding compensation defendants bring certiorari. Affirmed.

*A. R. Johnson,* for plaintiff.

*James B. Van Vechten, Jr.,* for defendants.

NORTH, J. The plaintiff claims to have suffered a compensable injury August 14, 1928, while in the employ of the Stuart Foundry Company. Liability was denied by the employer and its insurer, the Michigan Reciprocal Association, on the ground that plaintiff had not suffered any injury while in the employ of the Foundry company, and also because of defendants' claim that no notice of the injury was given to the employer. The deputy commissioner before whom a hearing was held found plaintiff's claim was established, and that notice thereof was timely given to the employer. Upon review before the department of labor and industry the award made by the deputy was affirmed, subject to a modification hereinafter noted. Thirteen days after the hearing on review, but before decision thereon was rendered, the defendants filed a petition for leave to amend the notice of denial of liability and to take further testimony touching such amended denial. This application was denied. The defendants have brought the record to this court by certiorari.

The notice to the employer of the plaintiff's claim was sufficient and timely given. The testimony was conflicting as to whether plaintiff sustained an injury arising out of and in the course of his employment, or whether his condition was due to an injury suffered some years before. The commissioners found that plaintiff's injury was compensable. This was a finding of fact and is final. Certiorari brings to this court for review questions of law only, not issues of fact. Where the testimony before the commissioners is conflicting, their finding on the facts must stand. *Banker* v. *Chevrolet Motor Co.*, 244 Mich. 1, and *Beaty* v. *Foundation Co.*, 245 Mich. 256.

By their application to amend the denial of liability and to take additional testimony, the defendants sought to show that at the time he claimed to have sustained this injury, and also at the time of the hearing, the plaintiff was a foreigner, and that he was illegally within the United States, and that he had been so charged prior to the hearing before the deputy commissioner. Without passing upon defendants' contention that this circumstance would constitute a defense, we hold that notice of this defense was necessary, and approve the ruling made by the commissioners in denying defendants' application, and the reasons therefor which thus appear from the opinion filed:

"The application, in this case, is tardy. The hearing before the deputy commissioner was on the 8th day of April. The case was argued before the commission on review on May 2d, and this application was not made until May 15th.

"Plaintiff was cross-examined at the time of the hearing held on April 8th. We quote from the record, to show that defendant did have knowledge that plaintiff was in the Wayne county jail at that time:

" '*Q.* Where were you after that?
" '*A.* Well, I am at the Wayne county jail right now.
" '*Q.* You say you are in the Wayne county jail?
" '*A.* Yes, sir.
" '*Q.* For illegally entering the country?
" '*A.* Yes, sir.
" '*Q.* You are held by the immigration authorities?
" '*A.* Yes, sir.'

"Although defendants had knowledge that he was in the jail on this charge, yet they made no effort to amend their denial of liability either before the hearing before the deputy commissioner, or the hearing on review.

"While the granting of permission to file an amended plea is discretionary with the commission,

yet the discretion exercised must be a judicial and not an arbitrary one. If the commission abuse this discretion the order becomes nugatory. The commission, after carefully considering the matter, believe to allow defendants, at this late date, to amend its denial of liability, would be inequitable.''

During a portion of the period for which compensation has been allowed, plaintiff was confined in the Wayne county jail. The defendants urge that the weekly award for that period should be suspended because the award is in lieu of earnings, and while the injured employee is in jail he has no earning capacity and hence he should receive nothing through the award. We think the administration of the workmen's compensation law (2 Comp. Laws 1915, § 5423 *et seq.*) should not be thus complicated or its effectiveness thus impaired. Such a theory could hardly be logically applied in cases of total disability. There the award is based on the theory of complete inability of the employee to continue his usual vocation; but being in jail could hardly increase his already total inability. If the arrested employee were able to give bail he would continue to receive the compensation under defendants' theory, but if he could not give bail both he and his dependents would be deprived of even the partial income represented by the award. The employee, though innocent, might be arrested and criminally charged. To summarily suspend on that account a fixed award would obviously deprive him of property without due process of law. There are other reasons why this contention of the defendants cannot be sustained.

On the review the commissioners affirmed the deputy's award of $18 per week during the period of disability, but disallowed an award made by the

deputy commissioner of $47 for surgical care. This disallowance was on the ground that no competent proof was offered that this charge was reasonable in amount. We are asked in plaintiff's brief to reinstate this amount in the award, it being plaintiff's claim that there is competent proof to sustain the deputy commissioner's award. For the reason that plaintiff took no steps to review the award of the commissioners, this question is not before us for determination. 2 Comp. Laws 1915, § 5465.

The award of the department of labor and industry is affirmed, with costs to the appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.