## BAY RIDGE OPERATING CO., Inc., v. LOWE.

District Court, S. D. New York.

Jan. 10, 1936.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert P. Nash, of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (David W. Wainhouse, of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion by the defendant for judgment on the pleadings.

The action was brought by the Bay Ridge Operating Company, Inc., the plaintiff, against Samuel Lowe, Deputy Commissioner, United States Compensation Commission of this district, under the Longshoremen's and Harbor Workers' Compensation Act (title 33 U.S.C.A., c. 18, §§ 901–950), to set aside and restrain the enforcement of an award of the deputy commissioner. The facts set forth are as follows:

Radich, a longshoreman, an employee of the Bay Ridge Operating Company, Inc., was injured in the course of his employment on June 17, 1929, and as a result of his injury he contracted tuberculosis and was found to have a "temporary total disability." The employer paid compensation for temporary total disability at the rate of $20 per week until June 13, 1932, when, in accordance with an order of the deputy commissioner, payments were stopped because Radich had been committed to prison for a criminal offense. On December 28, 1932, after Radich had been released from prison, he was committed as an incompetent to a state hospital for the insane by a court of competent jurisdiction. His insanity was not due to the injury which he sustained while in the employ of the Bay Ridge Operating Company. The deputy commissioner, after

a hearing, ordered that compensation be paid to Radich at the rate of $20 per week from the date of his commitment until January 23, 1934, and that compensation be paid thereafter at the rate of $10 per week. The deputy commissioner found that although tuberculosis, from which Radich was suffering as a result of the injury, was responding to treatment, he was still 50 per cent. disabled because of his injury.

The Longshoremen's and Harbor Workers' Compensation Act, § 8 (b), 33 U.S.C.A. § 908 (b), provides:

"Temporary total disability: In case of disability total in character but temporary in quality 66 2/3 per. centum of the average weekly wages shall be paid to the employee during the continuance thereof."

Section 2 (10) of the act, 33 U.S.C.A. § 902 (10): "'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."

Section 22 of the act, 33 U.S.C.A. § 922, which provides for modification of awards, reads:

"Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this chapter, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation."

The employer, Bay Ridge Operating Company, Inc., contends that upon the commitment of Radich to the insane asylum, his earning capacity ceased and that while so confined he suffers no loss of compensation because of the injury sustained while in the employ of the Bay Ridge Operating Company, and therefore the Deputy Commissioner's order requiring it to pay compensation during that period is unjustified and should be set aside.

■ The clause "change in condition," referred to in section 922, is regarded as referring to the physical condition of the employee caused by the accident. Independence Indemnity Co. v. White (Tex. Com.App.) 27 S.W.(2d) 529; Franklin County Mining Co. v. Industrial Commission, 322 Ill. 555, 153 N.E. 608.

■ Section 908 (b) states that the compensation for a temporary disability is to be paid "during the continuance thereof." Nothing in this section nor in the act is said about the period for the payments of compensation being further . limited. The act does not say that although the disability continues, payments are to cease in the event that the employee later also becomes incapacitated from another cause. If the plaintiff's contention is right, it must be because such a limitation is to be read into the statute and to do this would be contrary to the general policy in dealing with this statute and which should be liberally construed. Rothschild & Co. v. Marshall, 44 F.(2d) 546 (C.C.A.9); De Wald v. Baltimore & O. R. Co., 71 F.(2d) 810 (C.C.A.4).

■ It could not reasonably be contended that if an employee receiving payment for a permanent total or permanent partial disability met with another accident or from some other cause suffered another permanent disability, that the employer could then stop his payment. There is nothing in the statute to indicate that the Congress intended to make a distinction in this respect between a disability that was permanent and one that still existed but was temporary.

If the obligation of the employer to indemnify is in the nature of a single entity or liability, though liquidated in partial payments, as was held in Pyrites Co. v. Davison Chemical Co. (D.C.) 4 F.Supp. 294, affirmed sub. nom. Hockley et al. v. Wilson, 70 F.(2d) 108 (C.C.A.4), it would seem to follow that the employer could not discontinue payments merely because the employee was committed to an insane asylum as a result of conditions arising since his original employment.

In Atlantic Coast Shipping Co. et al. v. Golubiewski et al. (D.C.) 9 F.Supp. 315, Judge Chesnut in a well-considered opinion held that an employer could not discontinue compensation payments to an injured employee receiving temporary partial disability compensation under this act upon the imprisonment for life of the employee for murder, and the reasons there stated apply even more forcefully to the

case at bar. See, also, Neal v. Stuart Foundry Co., 250 Mich. 46, 229 N.W. 595.

The defendant's motion for judgment is granted. Settle order on notice.