### SOUTHERN S. S. CO. v. NORTON, Deputy Compensation Commissioner, et al.

### No. 6761.

Circuit Court of Appeals, Third Circuit.

Feb. 6, 1939.

George F. Blewett, of Philadelphia, Pa., for appellant.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and J. Barton Rettew, Jr., Asst. U. S. Atty., of Philadelphia, Pa., for appellee Norton.

Carlyle M. Tucker, of Philadelphia, Pa., for appellee Jackson.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

William Jackson, the claimant-appellee, while performing services as a longshoreman for the appellant, Southern Steamship Company, sustained an injury on the S. S. "West Texas", docked at a wharf on the Delaware River, at Philadelphia. Jackson was about sixty-six years of age and had been employed regularly as a trucker, that is to say a person engaged in the work of moving freight by means of a small hand-truck. He was called from his regular work of trucking to assist in stowing freight in the hold of the vessel and while so acting sustained an injury to his back in attempting to lift a heavy piece of metal. The injury was sustained on June 2, 1937. On June 3, 1937 he reported his accident to his employer, was sent to the employer's physician, who treated him until July 3, 1937. Thereafter the claimant worked about four days at his regular job of trucking, viz., July 6, 9, 10 and 12, 1937.

On August 4, 1937, the claimant filed his petition with the Deputy Compensation Commissioner for the Third Compensation District, Augustus P. Norton, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act. Act of March 4, 1927, c. 509, § 19, 44 Stat. 1435, 33 U.S.C.A. § 919. The Deputy Commissioner held hearings and after taking testimony made findings of fact by which he determined that the claimant was injured in the course of his employment upon the "West Texas", had sprained his back, and as a result of this injury had been totally disabled from June 4, to July 5, 1937, inclusive. He further found that the claimant had suffered a partial disability, beginning July 6, 1937 and continuing to the date of the award, and thereupon determined that the claimant's earning capacity was reduced from $20 per week to $10 per week, that two-thirds of the loss of earning capacity referred to amounted to the sum of $6.67 per week, ordered the appellant, which is a self-insurer, to pay accrued compensation of $86.70 and continuing compensation of $6.67 per week, beginning upon September 21, 1937.

Thereafter the appellant, Southern Steamship Company, filed a bill of complaint in the United States District Court for the Eastern District of Pennsylvania, pursuant to the provisions of Section 21(b) of the Act, 33 U.S.C.A. § 921(b), seeking a judicial review of the award of the Deputy Commissioner and praying that a mandatory injunction be awarded it directing the Deputy Commissioner to set aside his findings of fact and to dismiss and disallow Jackson's claim. The court below entered a decree dismissing the bill of complaint and from this decree the appeal is taken.

The gravamen of the appellant's bill is to the effect that the claimant, Jackson, after one month of disability was able to resume his regular work as a trucker, that he was suspended from work for reasons entirely apart from the accident and that therefore he is not entitled to compensation for partial disability on the theory that he has suffered a decrease in his wage earning capacity. It does not appear why Jackson was not allowed to carry on his regular work as a trucker by the appellant. He himself stated that he had been discharged. As we have stated, however, it is clear that he did do his regular work of trucking for four days following the accident. The learned District Judge stated in his opinion, "The employee here did receive an injury. There was work, however, as a trucker which he could do and was willing

to do. Unfortunately there was no work of this kind to be done."

The examination of the claimant by a doctor of the United States Public Health Service indicates that it is probable that the exertion incident to lifting the piece of iron in the hold of the "West Texas" aggravated a pre-existing osteo arthritis and that by reason of the age of the claimant he is disabled from performing the heavy work required in the hold of a vessel, but not from the lighter work of trucking. Dr. B. R. Beltran gave it as his opinion that the claimant was able to return to and perform his accustomed duties on July 3, 1937, approximately one month after the accident.

The question presented to the court below was one of law. Was there or was there not sufficient evidence to support the findings of fact made by the Commissioner to the effect that the claimant suffered the disability found to exist, bearing in mind that the claimant was entitled to a liberal construction of the Act and that doubts should be resolved in his favor? Fidelity & Casualty Co. of New York v. Burris, 61 App.D.C. 228, 59 F.2d 1042; Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366. It must also be borne in mind that the Longshoremen's and Harbor Workers' Act does not authorize a court of the United States to re-weigh the evidence and draw conclusions therefrom other than those found by a Deputy Commissioner unless it shall appear that there was no substantial evidence to support the findings of the Deputy Commissioner. See Crowell v. Benson, 285 U. S. 22, 46, 52 S.Ct. 285, 76 L.Ed. 598; Voehl v. Indemnity Insurance Company of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 163, 85 F.2d 420; W. J. McCahan Sugar Co. v. Norton, 3 Cir., 43 F.2d 505; Independent Pier Co. v. Norton, 3 Cir., 54 F.2d 734.

There is sufficient in the testimony of the physician of the United States Public Health Service who examined Jackson to support the findings and the order of the Deputy Commissioner. The fact that Jackson is still able to perform the duties of a trucker is immaterial. Section 2 (10) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 902 (10), contains the following definition: " 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." At the time of his injury Jackson was engaged in the work of a stevedore in stowing cargo, an employment involving heavy lifting. It is quite apparent from the record, as the Deputy Commissioner found, that as a result of his injury he became incapacitated from performing that work, heavy lifting, in which he was actually engaged when he was injured. It follows under the express terms of the statute that he had suffered a disability within the meaning of the Act as to which he was entitled to compensation.

Accordingly, the decree of the District Court dismissing the appellant's bill of complaint is affirmed.