### McCARTHY STEVEDORING CORPORATION et al. v. NORTON et al.
### Civil Action No. 2412.

District Court, E. D. Pennsylvania.
July 31, 1942.

Paul H. Ferguson, of Philadelphia, Pa. for plaintiff.

Gerald A. Gleeson, U. S. Atty., and J. Barton Rettew, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for Norton.

Samuel P. Lavine, of Philadelphia, Pa., for claimant.

BARD, District Judge.

On February 20, 1937, James Supko, while in the employ of the McCarthy

Stevedoring Corporation, was struck by several pieces of iron pipe which fell on him while he was working in the hold of a ship. As a result of this accident he was confined to a hospital for two months and suffered disability thereafter. The extent of this disability was determined by an order for compensation under the Longshoremen's and Harbor Workers' Compensation Act made by the Deputy Commissioner on August 24, 1938, in which it was found that Supko was totally disabled for seventy-two weeks and suffered permanent partial disability equivalent to fifty per cent. loss of the use of his right arm. It was also found as a fact that "the glandular disease from which claimant suffers is not a result of the injury."

Supko died on February 18, 1941, and his widow filed a claim under the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. The employer denied any causal connection between the injury received by Supko in February of 1937 and his death. Hearings were held before the Deputy Commissioner who, on January 29, 1942, made findings of fact and an award in favor of Supko's widow. The findings of fact were that at the time of Supko's injury on February 20, 1937, he had a latent, pre-existing disease known as Hodgkin's disease; that he died from said disease; that the injury he sustained on February 20, 1937, lowered his resistance, aggravated and accelerated the progress of said disease, and hastened his death; and that his death resulted from the injury he sustained on February 20, 1937, which occurred in the course of his employment.

In accordance with the procedure set forth in Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(b), to review the order of the Deputy Commissioner, the employer and its insurance carrier filed the present bill to enjoin the Deputy Commissioner and the claimant from enforcing the award on the ground that the above findings of fact upon which the award was based are not supported by substantial evidence. Defendants have filed a motion to dismiss.

In the case of Southern S. S. Co. v. Norton, 101 F.2d 825, the Circuit Court of Appeals for this circuit set forth the function of the court in an action of this character to review an order of the Deputy Commissioner. Said Judge Biggs at page 827 of 101 F.2d: "The question presented to the court below was one of law. Was there or was there not sufficient evidence to support the findings of fact made by the Commissioner to the effect that the claimant suffered the disability found to exist, bearing in mind that the claimant was entitled to a liberal construction of the Act and that doubts should be resolved in his favor? Fidelity & Casualty Co. of New York v. Burris, 61 App.D.C. 228, 59 F.2d 1042; Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366. It must also be borne in mind that the Longshoremen's and Harbor Workers' Act does not authorize a court of the United States to re-weigh the evidence and draw conclusions therefrom other than those found by a Deputy Commissioner unless it shall appear that there was no substantial evidence to support the findings of the Deputy Commissioner."

Considering the medical testimony offered before the Deputy Commissioner, there is agreement among all the physicians that Supko died as a result of a disease known as Hodgkin's disease. The cause of this disease is unknown to medical science and there is a considerable difference of opinion whether it is infectious in origin or is a malignant growth similar to cancer. The disease is manifested by the enlargement of the lymph glands in the body and is fatal, usually within a period of from three to five years from its inception.

Plaintiffs' first contention is that there is no competent evidence to support the finding of fact that Supko was afflicted with this disease prior to the accident of February 20, 1937. This contention appears to be based upon plaintiffs' interpretation of the testimony of Dr. Fish, one of the witnesses for the claimant. Plaintiffs contend that his opinion that the disease antedated the accident was based solely on the assumption that the disease is infectious in origin. Even if this interpretation of the testimony of this witness were correct, medical testimony should not be rendered incompetent by reason of the fact that there is a divergence of medical opinion with respect to the particular question involved. It should be noted however that Dr. Fish based his opinion that Supko had Hodgkin's disease prior to the accident directly upon the fact that palpability of the glands began so short a time after the accident. In addition, it appears from the record that the testimony

of two of the medical witnesses for the employer, Dr. Dorrance and Dr. Ludwick, indicates that in their opinion Supko was suffering from Hodgkin's disease prior to the accident. Under these circumstances there is ample testimony to support the finding of fact of the Deputy Commissioner on this question.

The second finding challenged by the plaintiffs is that the injury sustained by Supko on February 20, 1937 "lowered his resistance, aggravated and accelerated the progress of said disease, and hastened his death". This challenge is based partly on the contention that this disease is fatal normally within three to five years from its inception and Supko died within four years after it was manifested; and partly on the testimony of one of the doctors for the claimant that a subsequent accident suffered by Supko might have been an equal factor in lowering his resistance and hastening his death. This contention however completely disregards the testimony of Dr. Fish that persons afflicted with Hodgkin's disease have been known to live as long as fifteen years, and that in his professional opinion the injury sustained by Supko on February 20, 1937, weakened his resistance and hastened his death "immeasurably". In view of this testimony it is clear that the record supports the finding of fact made by the Deputy Commissioner, since he is entitled to consider any competent testimony in arriving at his findings.

The remaining challenge is to the finding of fact that the death of Supko resulted from the injury. In view of the discussion of the testimony above that the death of Supko was hastened by the aggravation and acceleration of the disease from which he was suffering at the time of the accident as a result thereof, there is support in the record for this finding. It is recognized that an injury which hastens an employee's death may be regarded as causing it. Avignone Freres, Inc., v. Cardillo, 73 App.D.C. 149, 117 F.2d 385; Bartlinski v. Northumberland Mining Co., 117 Pa.Super. 437, 177 A. 518; Lucas v. Haas Coal Co., 118 Pa.Super. 182, 179 A. 876.

There being substantial evidence in the record to support the findings of fact made by the Deputy Commissioner on which his award was based, the motion to dismiss plaintiffs' action to enjoin enforcement of the award is granted.