BERNATOWICZ v. NACIREMA OPERAT-
ING CO., Inc., et al.
Civil Action No. 2499.

District Court, E. D. Pennsylvania.
Dec. 10, 1942.

Paul M. Goldstein, of Freedman & Goldstein, of Philadelphia, Pa., for plaintiff.

J. B. H. Carter and Philip H. Strubing, of Evans, Bayard & Frick, all of Philadelphia, Pa., for Nacirema Operating Co. and Travelers Ins. Co.

Gerald A. Gleeson, U. S. Atty., and J. Barton Rettew, Asst. U. S. Atty., both of Philadelphia, Pa., for Augustus P. Norton, Deputy Commissioner.

BARD, District Judge.

John Bernatowicz, plaintiff in the present action, while employed as a stevedore on July 21, 1939, sustained a severe injury to his foot. At the time of the injury he was suffering from Buerger's disease. He applied for compensation for total permanent disability under the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, 33 U.S.C.A. § 901 et seq. After hearing, the Deputy Commissioner found as a fact that the accident had aggravated and accelerated the disease from which plaintiff was suffering and thereby rendered him permanently and totally disabled. The sufficiency of the evidence to sustain these findings and the award of compensation based thereon was challenged by an action for review brought in this court, in which the order of the Deputy Commissioner was sustained. Travelers Ins. Co. v. Norton, D.C., 43 F. Supp. 531.

On March 7, 1942, the defendant filed a petition with the Deputy Commissioner seeking modification of the award made by him. This petition was based upon Section 22 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 922, which permits an application for modification of an award on the ground of a "change in conditions" since the award was made. Hearings were held at which medical testimony was produced that within two years from the date of the accident plaintiff would have been disabled as a result of the disease with which he was afflicted if the accident had not occurred. The Deputy Commissioner thereupon found as a fact that "there is a change in conditions in that aggravation of the circulatory disease by the injury of July 21, 1939, had ceased by March 6, 1942; that trauma is no longer a factor in the causation of the claimant's disability." He thereupon allowed the application of the defendant and directed that compensation payments be terminated as of March 6, 1942. In accordance with the procedure provided for in Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(b), plaintiff instituted the present action to review this order of the Deputy Commissioner. The Nacirema Operating Company, Inc. and The Travelers Insurance Company filed the present motion to dismiss the complaint.

The finding of the Deputy Commissioner that plaintiff would have been totally disabled within two years from the date of the accident is supported by the medical testimony produced before him and cannot be attacked in the present proceeding. The question presented, therefore, is whether this fact justifies the termination of compensation. The defendant contends that the medical opinion that the accident is no longer the cause of the total disability of the claimant, because such disability would have occurred in the absence of the accident, justified the legal conclusion that the accident is no longer the cause of the claimant's disability and that compensation payments may therefore be terminated. Upon a consideration of the terms of the Longshoremen's and Harbor Workers' Compensation Act this contention cannot be sustained. Section 8 of the Act, 33 U.S.C.A. § 908, provides that in the case of total disability adjudged to

be permanent, compensation shall be paid to the employee "during the continuance of such total disability." It has been adjudged in the earlier stages of this case that the accident suffered by plaintiff resulted in his permanent total disability. It is conceded that this total disability continues and that there is no change in plaintiff's physical condition in this respect. Under the language of the Act referred to above, defendant is obliged to pay compensation during the continuance of the total disability, and therefore the fact that plaintiff would have been disabled even if the accident had not occurred appears to be immaterial.

The meager authorities which bear closely on this question are in accord with this conclusion. In Bay Ridge Operating Co. Inc. v. Lowe, D.C., 14 F.Supp. 280, it was held that the fact that an employee receiving compensation under the Act for disability became insane from causes independent of the accident and therefore would have been totally disabled even if the accident had not occurred, did not justify a cessation of compensation payments. Said Judge Goddard at page 281 of 14 F.Supp: "Section 908(b) states that the compensation for a temporary disability is to be paid 'during the continuance thereof.' Nothing in this section nor in the act is said about the period for the payments of compensation being further limited. The act does not say that although the disability continues, payments are to cease in the event that the employee later also becomes incapacitated from another cause. If the plaintiff's contention is right, it must be because such a limitation is to be read into the statute and to do this would be contrary to the general policy in dealing with this statute and which should be liberally construed. Rothschild & Co. v. Marshall [9 Cir.], 44 F.2d 546; DeWald v. Baltimore & O. R. Co. [4 Cir.], 71 F.2d 810.

"It could not reasonably be contended that if an employee receiving payment for a permanent total or permanent partial disability met with another accident or from some other cause suffered another permanent disability, that the employer could then stop his payment. There is nothing in the statute to indicate that the Congress intended to make a distinction in this respect between a disability that was permanent and one that still existed but was temporary."

In Atlantic Coast Shipping Co. v. Golubiewski, D.C., 9 F.Supp. 315, it was held that the fact that a recipient of compensation payments for disability was imprisoned for life upon being convicted of murder did not relieve his employer from the payment of the compensation provided for by the Longshoremen's and Harbor Workers' Compensation Act.

■ It is true of course that if the total disability resulting from the accident ceases, the fact that there is no cessation of total disability because the employee during its continuance has been totally disabled from an independent supervening cause would not preclude the termination of compensation payments. Thus if the total disability of an employee resulting from an accident ceases after two years, compensation payments could then be terminated at the end of that period even though in the meanwhile the employee had developed a disease unrelated to the accident, which disease caused him to be totally disabled. It is this situation which the defendant argues is presented by the facts of the instant case. This argument has superficial merit because the disease from which the plaintiff was suffering at the time of the accident and which was so aggravated thereby as to cause his permanent total disability was the disease which would have caused his total disability within two years irrespective of the accident. But the fallacy of the argument is apparent if it be assumed that the plaintiff had a different disease which would have totally disabled him in two years irrespective of the accident. Under these circumstances, the fact that the second disease would have totally disabled the plaintiff would not have relieved the defendant from continuing payments of compensation for the total disability resulting from the aggravation of the first disease by the accident. Similarly, the defendant is not relieved from continuing payments of compensation for the total disability resulting from the aggravation of the disease from which the present plaintiff was suffering, because it is that same disease which would have totally disabled him irrespective of the accident. In each case the accident was the cause of the permanent total disability and in each case the fact that the claimant would have been permanently and totally disabled irrespective of the accident does not relieve the defendant of the obligation to continue payment of the compensation.

The total disability caused by the accident continues, and it is therefore immaterial whether total disability would have occurred independently of the accident.

Motion denied.