**BERNATOWICZ v. NACIREMA OPERAT-ING CO., Inc., et al.**

**No. 8330.**

Circuit Court of Appeals, Third Circuit.

Argued Nov. 4, 1943.

Decided May 1, 1944.

Philip H. Strubing, of Philadelphia, Pa. (Evans, Bayard & Frick, of Philadelphia, Pa., on the brief), for appellants.

Charles Lakatos, of Philadelphia, Pa. (Freedman & Goldstein, Abraham E. Freedman, and Paul M. Goldstein, all of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This appeal arises out of a compensation claim under the Longshoremen's and Harbor Workers' Compensation Act, U.S. C.A. Title 33, § 901 et seq. The appellee is a longshoreman. On July 21, 1939, he suffered a compensable accident when a crowbar struck his left foot, injuring it. He received medical treatment for some time thereafter and was paid compensation for the time he was disabled. On November 10, 1939, he returned to work. He continued working until February 16, 1940. On February 23, 1940, he was hospitalized and remained so until May 2, 1940. During that period one of the toes on his right foot became gangrenous and was amputated. He claimed compensation for this, alleging it arose as a result of his accident on July 21, 1939. Compensation was refused on the ground that the disability was the result of a preexisting condition of Buerger's disease which was neither caused by, nor related to, the original injury.

The matter was reopened on November 26, 1940, and on August 8, 1941, there was an order for compensation which set out that there had been a mistake in the finding of fact "that the disease suffered by the claimant and his disability therefrom was not caused by or related to the injury" and holding that the injury of July 21, 1939, had "caused acceleration of the progress of the vascular disease by which claimant was affected; that the subsequent disability, beginning on February 17, 1940, has been advanced in time and increased in degree by the results of the injury; that claimant has been totally disabled from the injury, in addition to the sixteen weeks awarded in order of August 9, 1940, from

February 17, 1940, to the present date, and such disability continues;". This order was sustained on review, by the District Court. The present appellants then went back to the Compensation Commission on a petition alleging that the employee's admitted total disability was in no way related to the accident of July 21, 1939. After hearings, the Deputy Commissioner entered an order terminating compensation as of March 6, 1942. The basis of that order was "* * * that there is a change in conditions in that aggravation of the circulatory disease by the injury of July 21, 1939, had ceased by March 6, 1942; that trauma is no longer a factor in the causation of the claimant's disability."

The employee then filed a complaint in the District Court to review that order. There was a motion to dismiss that complaint, which was denied. 48 F.Supp. 4. Both sides moved for summary judgment and the plaintiff's motion was granted with an order, setting aside the Deputy Commissioner's order which ended compensation, and reinstating the order of August 8, 1941 which calls for compensation payments to the plaintiff during the continuance of total disability in accordance with Section 908 of the Act. It is from that order of the District Court that the defendants have taken this appeal. At the hearings before the Deputy Commissioner on the appellants' petition alleging that the employee's total disability was not connected with the July 21, 1939, accident, a Dr. Laplace testified for the employer. He had been a witness at the original hearing two years previously and his testimony was to the same effect as at that time. In answer to questions by the Deputy Commissioner he said:

"It must be understood that I simply expressed the opinion at the time of my previous testimony, that Mr. Bernatowicz' disease was one which in the majority of cases is progressive, and this fact lead me to assume that sooner or later it would arrive at a stage causing disability, whether or not any accident occurred to aggravate it.

"I stated at the time that in my purely arbitrary opinion, I considered that the manifestations of the arterial disease had been accelerated by about two years."

A Dr. Montgomery also testified on behalf of the employer and carrier. He insisted that Bernatowicz was not suffering from Buerger's disease at all but from arteriosclerosis. The inference from his evidence is that the accident of July 21, 1939, did not aggravate Bernatowicz' preexisting condition. This witness added nothing of importance to the record. The order of the Deputy Commissioner of August 8, 1941, found Bernatowicz suffering from Buerger's disease, aggravated by the accident. The hearing was not on the ground that the Deputy Commissioner had made a mistake but that there was a change in conditions.

This leaves the evidence of Dr. Laplace and the question as to whether or not it substantiated the changed conditions of the findings of fact of the Deputy Commissioner, above quoted. One of the changes found was "that the aggravation of the circulatory disease by the injury of July 21, 1939 had ceased by March 6, 1942." Dr. Laplace does not bear this out. He merely gives as his opinion that even without any accident, the Buerger's disease would probably have progressed to the stage it actually did attain on March 6, 1942. He makes no attempt to eliminate that which could not be changed and which he considered to have actually happened, namely, "That the manifestations of the arterial disease had been accelerated by about two years."

The second branch of the findings "that trauma is no longer a factor in the causation of the claimant's disability" is simply repeating the first part in different words. As the case at present stands, it is a settled thing that trauma stepped up the disease by two years. Dr. Laplace, himself, consistently refused to say that Buerger's disease, of necessity, had to result in disability. It is clear from the evidence that Buerger's disease, aggravated by injury, did cause Bernatowicz' disability. While he was in the hospital during the winter and spring of 1940, when the disease was in its comparatively early stages, he had a toe amputated. He was compensated for that whole period and within that time did have a permanent injury in the loss of his toe.

The fact findings of the Deputy Commissioner, if based upon substantial evidence, were binding on the District Court and this was recognized by the court below. The difficulty with the appellants' position is that there was no substantial evidence justifying the Deputy Commissioner in finding the change in conditions he sets out in his order stopping compensation. It is true that the District Court inadvertently refers to the Deputy Commissioner as

finding "permanent total disability," whereas the order of August 8, 1941, did not use the word "permanent." This is of no vital importance in the decision of the District Court. The foundation of the judgment there is that total disability has resulted from aggravation of a preexisting disease even though that same disease would have totally disabled plaintiff without any accident at all. This, with the latter part of it modified to the effect that Buerger's disease probably would have totally disabled Bernatowicz in any event, is the only conclusion possible from the testimony at the rehearing. It has been already decided in this case that the Buerger's disease preexisting in the employee was aggravated by the accident of July 21, 1939. Bernatowicz was paid compensation because of that aggravation for the period from February 17, 1940, to March 6, 1942, and during that time lost a toe by amputation as the result of the Buerger's disease. The order of the Deputy Commissioner finding that the accident of July 21, 1939, had aggravated the preexisting Buerger's disease with consequent continuing total disability to the employee was itself entered more than two years from the date of the original accident. The only testimony at the rehearing entitled to consideration on the point involved is, as stated, that of Dr. Laplace and there is nothing in his evidence upon which to base a finding of fact that the aggravation had ceased and that trauma is no factor in the disability. The most that Dr. Laplace concludes is that the employee's condition from the Buerger's disease would have resulted in disability whether aggravated by injury or not and that the manifestations of the disease in Bernatowicz had been accelerated by about two years by the injury arising out of the accident of July 21, 1939.

Since, therefore, there was no substantial evidence to support the change of conditions as described in the order of the Deputy Commissioner, the action of the District Court in setting aside that order and reinstating the compensation payments was correct. The fact that the plaintiff might have, or even would have, become disabled through the disease without the aggravation of the injury, does not conflict with this view. Judge Biggs in Southern S. S. Co. v. Norton, 101 F.2d 825, speaking for this court, held that the Longshoremen's and Harbor Workers' Compensation Act is to be liberally construed in favor of the employee, with doubts to be resolved in his favor. In Bay Ridge Operating Co. v. Lowe, D.C.S.D. N.Y., 14 F.Supp. 280, it was held that commitment of an employee to an insane hospital did not terminate his right to compensation for existing disability resulting from an unrelated injury sustained in the course of his employment. Judge Goddard's language in that case is quite pertinent here. He says, 14 F.Supp. at page 281:

"The act does not say that although the disability continues, payments are to cease in the event that the employee later also becomes incapacitated from another cause. If the plaintiff's contention is right, it must be because such a limitation is to be read into the statute and to do this would be contrary to the general policy in dealing with this statute and which should be liberally construed. Rothschild & Co. v. Marshall, [9 Cir.], 44 F.2d 546; De Wald v. Baltimore & O. R. Co., [4 Cir.], 71 F.2d 810.

"It could not reasonably be contended that if an employee receiving payment for a permanent total or permanent partial disability met with another accident or from some other cause suffered another permanent disability, that the employer could then stop his payment."

It is to be remembered that Dr. Laplace stated that the injury had accelerated what he calls the "manifestations" of the arterial disease by about two years. It is accepted in this case that the Buerger's disease is progressive. It cannot be denied, that at any stage since the injury, Bernatowicz is two years more advanced in the progress of the disease than he would have been, had there been no accident. The connection between the accident and the disease has not been broken, certainly not by the fact that the employee with the disease would have eventually arrived at his present state of disability even though there had been no accident. The action of the District Court in reinstating compensation necessarily follows from the testimony and, as said by Judge Hand in Grain Handling Co. v. Sweeney, 2 Cir., 102 F.2d 464, at page 466: "* * * the award here carries out the scheme of the act."

The judgment of the District Court is affirmed.