TRAVELERS INS. CO. v. BRANHAM,
Deputy Com'r, et al.

Civil Action No. 4333.

District Court, E. D. Pennsylvania.

July 9, 1945.

See also 61 F.Supp. 637.

Benjamin O. Frick and Evans, Bayard & Frick, all of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and Charles R. Sheidy, Jr., Asst. U. S. Atty., of Reading, Pa., for Charles T. Branham.

Freedman, Landy & Lorry, of Philadelphia, Pa., for Pauline Bernatowicz.

KIRKPATRICK, District Judge.

By virtue of an order dated August 8, 1941, John Bernatowicz was, on April 20, 1942, receiving $25 per week compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. On the latter date the Deputy Commissioner entered an order terminating his compensation. On March 3, 1943, the District Court, by Judge Bard, on a motion for summary judgment, entered the following order:

"That defendant Deputy Commissioner Norton's compensation order and award of April 20, 1942, is hereby suspended and set aside and its enforcement is hereby permanently enjoined;

"That defendant Deputy Commissioner Norton's compensation order and award of August 8, 1941, is hereby reinstated and full compliance therewith, from the date of suspension and cessation of compensation, is hereby directed;"

An appeal was taken from Judge Bard's order on March 31, 1943, and on April 8 a supersedeas bond was filed together with the following order by Judge Bard:

"The foregoing bond is hereby approved and is to stand as a supersedeas until the final termination of the appeal."

On May 1, 1944 the Circuit Court of Appeals affirmed Judge Bard's judgment. Bernatowicz v. Nacirema Operating Co., 3 Cir., 142 F.2d 385. Bernatowicz had died on January 15, 1944.

No compensation was paid to the claimant or his representative after March 3, 1943, during the pendency of the appeal.

After the decision of the Circuit Court of Appeals the Deputy Commissioner ordered the plaintiff to pay Bernatowicz's administrator $485, being the 20 per cent penalty, provided for by Section 14(f) of the Act, 33 U.S.C.A. § 914(f), upon compensation payable under the terms of an award but not paid within 10 days after it becomes due. This proceeding is for review of that order.

By its affirmance of the judgment of March 3, 1943, of this Court the Circuit Court of Appeals determined that there had been no error in entering that judgment and that it was valid in all respects. That ruling became the law of the case for all subsequent proceedings in it. "It has been settled by the decisions of this court, that after a case has been brought here and decided, and a mandate issued to the court below, if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be reheard or examined upon the second." Roberts v. Cooper, 20 How. 467, 481, 15 L.Ed. 969.

In the opinion [142 F.2d 386], the Circuit Court of Appeals referred to Judge Bard's order as "an order * * * reinstating the order of August 8, 1941 which calls for compensation payments to the plaintiff" etc., and the judgment was, "The judgment of the District Court is affirmed." It is now too late to consider the plaintiff's argument that Judge Bard had no power to reinstate the original compensation order but should have limited his action merely to suspending or setting aside the termination order and that the latter part of his order was therefore void and ineffectual.

As a result of Judge Bard's order compensation payable under the terms of the original award became due as of the date of Judge Bard's order and, not having been paid 10 days thereafter, carried the penalty of 20 per cent provided for in Section 14(f), unless in some other way, the imposition of the penalty was avoided.

I do not think that the entry and approval of the supersedeas bond had that effect. It is well established that "the only effect of the supersedeas is to prevent all further proceedings in the subordinate court except such as are necessary to preserve the rights of the parties." In re Slaughter-House Cases, 1869, 10 Wall. 273, 297, 19 L.Ed. 915. "Its object and effect are to stay future proceedings, and not to undo what is already done. It has no retroactive operation, so as to deprive the judgment of its force and authority from the beginning, but only suspends them after and while it is itself effectual." Weber v. Tanner, 64 S.W. 741, 742, 23 Ky. Law Rep. 1107.

Whether it would have been in the power of this Court or of the Circuit Court of Appeals to make an order extending the

scope of the stay so as to prevent the penalty from attaching need not be decided. The Act omits any provision for such procedure although it does, in the case of proceedings for review in the District Court of a deputy commissioner's compensation order, provide for the accomplishment of that result by means of preliminary injunction. The fact is that Judge Bard made no such order and none was applied for. What he did say was, "The foregoing bond is hereby approved and is to stand as a supersedeas until the final determination of the appeal." This adds nothing to the force of the bond or order as a mere supersedeas, with the same effect as in any ordinary case.

The defendant's motion for summary judgment is granted.