## PIONEER ENGINEERING CO. et al. v. CARDILLO et al.

### Civil Action No. 6041.

District Court, E. D. Pennsylvania.

May 15, 1947.

---

arrived at the same conclusion as did the Deputy Commissioner.

■ After examining the record of the hearing before the Deputy Commissioner in this matter, I am of the opinion that there was substantial evidence to support the findings of the Deputy Commissioner. The amount of wages received by the claimant subsequent to the date of his injury is not conclusive as to his wage earning capacity. Luckenbach S. S. Co. v. Norton, 3 Cir., 1938, 96 F.2d 764; Burley Welding Works v. Lawson, 5 Cir., 1944, 141 F.2d 964; Twin Harbor Stevedoring & Tug Co. v. Marshall, 9 Cir., 1939, 103 F.2d 513; Hartford Accident & Indemnity Co. v. Hoage, 1936, 66 App.D.C. 163, 85 F.2d 420.

The complaint must be dismissed.

See also, D.C., 68 F.Supp. 743.

Raymond J. Porreca and Raymond A. White, Jr., both of Philadelphia, Pa., for plaintiffs.

Herbert P. Miller, of New York City, Gerald A. Gleeson, U.S. Atty., of Philadelphia, Pa., and Russell L. Hiller, Asst. U.S. Atty., of Reading, Pa., for defendants.

BARD, District Judge.

■ In considering the present motion to dismiss the complaint, it is not the function of this Court to re-weigh the evidence which was presented to the Deputy Commissioner at the hearing held on March 12, 1946. The sole question presently before the Court is, was there substantial evidence upon which the Deputy Commissioner could base the findings which he made? Southern S. S. Co. v. Norton, 3 Cir., 1939, 101 F.2d 825; McCarthy Stevedoring Corporation v. Norton, D.C.E.D.Pa., 46 F.Supp. 26; Bernatowicz v. Nacirema Operating Co., 3 Cir., 1944, 142 F.2d 385; Oldman Boiler Works v. McManigal, D.C.W.D.N.Y., 1944, 58 F.Supp. 697. The question is not whether on the evidence presented I would have