Shoemaker, Appellant, *v.* Budd Company.

Argued June 16, 1960. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, Watkins, and Montgomery, JJ.

*James Francis Lawler,* for appellant.

*Alexander F. Barbieri,* for appellee.

OPINION BY WATKINS, J., September 16, 1960:

This is an appeal from the judgment of the Court of Common Pleas No. 2, of the County of Philadelphia, entered in favor of the Budd Company, the appellee-defendant, and against the claimant-appellant, Catherine Shoemaker, affirming the decision of the Workmen's Compensation Referee and the Workmen's Compensation Board terminating a compensation agreement.

The claimant was first employed by the Budd Company in 1932. On February 7, 1955 she was stacking pieces of steel when she claimed to have sprained the muscles in her back. An open agreement was executed by the claimant and her employer providing compensation for total disability at the rate of $32.50. The employer filed a petition to terminate the agreement on the ground that the disability caused by the accident ceased on February 21, 1955. The referee found that "claimant became totally disabled on February 8, 1955, and remained so until February 23, 1955", and that any present disability "is caused by congenital conditions and degeneration of muscles and spinal processes due to their original malformations, and not to the injury sustained." The Workmen's Compensation Board in affirming the referee adopted these findings.

As this is a petition for the termination of a compensation agreement, the burden of proof is on the petitioning employer to prove that a disability, that admittedly existed as a result of an accident, had ceased. The referee and the board so found and as the findings are supported by sufficient legally competent evidence this Court will not disturb them. *Erwin v. L. & H. Construction Co.*, 192 Pa. Superior Ct. 632, 161 A. 2d 639 (1960); *Kubler v. Yeager*, 189 Pa. Superior Ct. 339, 150 A. 2d 383 (1959).

The record discloses a conflict of medical testimony but Dr. Micek, a witness called by the employer, testified that in his opinion she was able to return to work without any residual disability that could be attributed to the occurrence on February 7, 1955. The credibility of expert witnesses and the weight to be attached to their testimony are matters exclusively for the board. *Gasior v. Pittsburgh,* 188 Pa. Superior Ct. 371, 146 A. 2d 320 (1958).

The appellant further contends that the court below abused its discretion in not remanding the case for a new hearing, when the referee who heard the testimony resigned his office before legally recording his decision. The record discloses that Referee Charles J. Tetlow heard the case on October 8, 1957; that his decision dated April 3, 1958, was filed on June 19, 1958; and that Tetlow resigned on April 4, 1958. The board disposed of this contention by holding: "The second question gives this Board no difficulty whatsoever because of the known fact that a referee is but an agent of the Board whose decision may be accepted or rejected. To pinpoint the particular question involved, however, this Board points out that the referee's decision was dated at the referee's office as being printed for distribution on April 3, 1958. Why it didn't arrive at the office of the Bureau of Workmen's Compensation until June 19, 1958, and immediately thereafter released, is of little importance. The referee was in office on April 3, 1958. Taking the statement that the referee resigned his office on April 4, 1958, as a fact, we would still have to rule that the referee had not resigned his office prior to the issuance of the decision.

"This Board, however, wishes to reiterate that the referee's findings of fact, conclusions of law, and order of award are not binding upon this Board but are mere-

ly recommendations of his view of the case. We always review the case in its entirety and make our own findings of fact, conclusions of law, and order of award. In this case it is merely coincidence that we make the same findings that the referee does. This is based, however, on our own personal view of the testimony and all papers contained in the record."

We agree with the court below that the Workmen's Compensation Law, Art. IV, Sections 415, 419, 77 PS §§851, 852, constitutes a referee a mere agent of the board and makes his findings merely recommendatory to the Workmen's Compensation Board so that, "even if we were to find that the Referee's findings were not made prior to the effective date of his resignation, the parties have not been deprived of any substantive right since the Workmen's Compensation Board here made their own findings and conclusions." The board is the final arbiter of the facts, the referee is only an agent of the board and the board may reject, change or adopt the findings of the referee. *Rodgers v. Methodist Episcopal Hosp.,* 188 Pa. Superior Ct. 16, 145 A. 2d 893 (1958).

Judgment affirmed.