**Franklin C. FORAKER, Claimant-Appellant,**

**v.**

**NVF COMPANY, Employer-Appellee (two cases).**

Superior Court of Delaware, New Castle.

Submitted March 26, 1976.

Decided May 12, 1976.

Stephen P. Casarino of Tybout & Redfearn, Wilmington, for claimant-appellant.

Robert W. Ralston of Prickett, Ward, Burt & Sanders, Wilmington, for employer-appellee.

Brian P. Murphy, Middletown, for Industrial Accident Bd.

CHRISTIE, Judge.

This is an appeal by Franklin Foraker, the claimant, from a ruling of the Industrial Accident Board that temporary total disability benefits are to be discontinued because claimant had, in violation of 19 Del. C. § 2343, refused or obstructed medical treatment.

This action arises from an industrial accident which took place on October 8, 1973. The accident resulted in an award to claimant on June 27, 1974, of total temporary disability benefits. Thereafter, the claimant was receiving periodic treatment from Dr. Joseph Arminio when, on February 13, 1975, he began to miss scheduled appointments solely because he was incarcerated in connection with a criminal charge against him involving an allegation of murder in the first degree. On February 28, 1975, the claimant's employer moved to terminate the disability payments on the ground that the claimant had refused and obstructed medical treatment in violation of 19 Del.C. § 2343 which reads as follows:

§ 2343. Physical examination of employee; refusal to submit; communications not privileged.

(a) After an injury, and during the period of resulting disability, the employee, if so requested by his employer or ordered by the Board, shall submit himself for examination at reasonable times and places and as often as reasonably requested to a physician legally authorized to practice his profession under the laws of such place, who shall be selected and paid by the employer. . . .

(b) The refusal of the employee to submit to the examination required by subsection (a) of this section or his obstruction of such examination shall deprive him of the right to compensation

under this chapter during the continuance of such refusal or obstruction, and the period of such refusal or obstruction shall be deducted from the period during which compensation would otherwise be payable.

On April 14, 1975, the Industrial Accident Board held that the claimant is not entitled to have total disability paid to him from the Second Injury and Contingency Fund during the pendency of the employer's petition to terminate for violation of § 2343.

On June 16, 1975, after a hearing, the Industrial Accident Board concluded that the claimant had obstructed medical examinations and, on that ground alone, granted the employer's petition to terminate disability payments.

This appeal by the claimant seeks reversal of the Board's rulings.

■ Dealing first with the suspension of benefits pending the termination decision, I find no authority to justify the Industrial Accident Board's action. In 19 Del.C. § 2347, it is provided in relevant part:

> § 2347. Review by Board of agreements or awards; grounds; modification of award.
>
> On the application of any party in interest on the ground that the incapacity of the injured employee has subsequently terminated, increased, diminished or recurred or that the status of the dependent has changed, the Board may at any time, but not more often than once in 6 months, review any agreement or award
>
> . . .
>
> Compensation payable to an employee, under the provisions of this chapter, shall not terminate until and unless the Board enters an award ending the payment of compensation after a hearing upon review of an agreement or award, provided that no petition for review,

hearing or an order by the Board shall be necessary to terminate compensation where the parties to an award or an agreement consent to the termination . . .

> Compensation shall be paid by the Board to the employee after the filing of the employer's petition to review from the Industrial Accident Board Second Injury and Contingency Fund until the parties to an award or agreement consent to the termination or until the Board enters an order upon the employer's petition to review. After the parties to an award or agreement consent to the reinstatement of compensation or, if the Industrial Accident Board orders the employer's petition dismissed, the employer shall repay to the Industrial Accident Board Second Injury and Contingency Fund the amount paid out by the Board.

Clearly this language does not permit termination of payments during pendency of a review of compensation for any reason other than consent. *Hudson v. E. I. Du Pont de Nemours & Co.*, Del.Super., 245 A.2d 805 (1968) is of no value to this issue.

The more difficult question is whether the Board was correct in concluding that incarceration pending disposition of criminal charges is to be construed as a "refusal of the employee to submit to the examination . . . or his obstruction of such examination" under § 2343. The employer and the Board argue that there is no requirement by this statutory language that the refusal or obstruction be wilful or intentional. They argue that the treating physician must merely be prevented from his examination to warrant suspension of benefits.

■ I am not persuaded by this reasoning. To deny an employee compensation for not receiving treatment while in involuntary confinement goes against fundamental concepts of fairness and due process. The claimant's incarceration, at

least until he is convicted, is a result of his failure to meet bail requirements. Failure to receive treatments does not constitute a refusal or obstruction of medical examinations or treatment any more than if he were drafted into the army or committed to a mental institution. See *Bay Ridge Operating Co. v. Lowe*, 14 F.Supp. 280 (S. D.N.Y., 1936).

■ To hold that claimant's incarceration prior to determination of guilt jeopardizes his right to industrial accident benefits would be to ignore the presumption that an accused person is innocent until proven guilty. The reasoning of *Neal v. Stuart Foundry Co.*, 250 Mich. 46, 229 N. W. 595 (1930) is pertinent here. In that case where an employee was incarcerated while receiving disability benefits, the Court commented:

" . . . If the arrested employee were able to give bail, he would continue to receive the compensation under defendants' theory; but if he could not give bail, both he and his dependents would be deprived of even the partial income represented by the award. The employee, though innocent, might be arrested and criminally charged. To summarily suspend on that account a fixed award would obviously deprive him of property without due process of law . . ." 29 N.W. 595, 597.

The decisions of the Industrial Accident Board of April 14, 1975, and June 16, 1975, are reversed. The Industrial Accident Board is hereby ordered to release from the Second Injury and Contingency Fund to the claimant an amount equal to claimant's disability benefits accrued between the date of the cut-off and continuing at least until the date of a new final decision of the Board on the employer's petition to review. The claimant is entitled to continuing compensation unless and until, upon further hearing, it is determined that defendant's disability has ceased or that his later conviction (which is the subject of an appeal) has had some effect on his right to continue to receive benefits.

IT IS SO ORDERED.