NEAGLE v. STATE LIBRARY.

1. WORKMEN'S COMPENSATION—APPELLATE REVIEW.

Appellate court review of workmen's compensation proceedings is limited to questions of law, findings of fact being made conclusive, in the absence of fraud, by constitution and statute (Const 1963, art 6, § 28; CL 1948, § 413.12).

2. SAME—FINDING OF FACT—INJURY OR DISABILITY.

The existence or extent of an injury or disability is a finding of fact in a workmen's compensation proceeding and will not be disturbed by reviewing court, where supported by competent evidence (Const 1963, art 6, § 28; CL 1948, § 413.12).

3. SAME—FAVORED EMPLOYMENT—LOSS—TOTAL DISABILITY.

Injured employee who is without fault in loss of favored employment after suffering compensable total disability to perform duties of regular employment is entitled to compensation for loss of his regular employment, undiminished by reference to earnings in favored employment.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 530.
[2] 58 Am Jur, Workmen's Compensation §§ 530, 534.
[3] 58 Am Jur, Workmen's Compensation §§ 308, 312.
[4] 58 Am Jur, Workmen's Compensation §§ 132, 200, 207, 302–304.
[5] 58 Am Jur, Workmen's Compensation §§ 543, 544.

4. Same — Favored Employment — Loss — Misconduct — Con-
donation.

Employer who had condoned actions of employee in taking long
coffee breaks and having odor of alcohol about his person,
both during regular employment and during favored employ-
ment after compensable disabling injury, *held*, not entitled to
rely on such actions as cause for discharge from favored em-
ployment so as to deprive employee of workmen's compensation
benefits for disability to perform duties of his regular employ-
ment.

5. Same—Interest—Costs.

Interest and costs are allowed appellee employee upon affirmance
of award of workmen's compensation for total disability.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 October 5, 1966, at
Lansing. (Docket No. 1,091.) Decided February
28, 1967. Rehearing granted April 7, 1967, to elimi-
nate "attorney fees" from final paragraph.

William J. Neagle presented his claim for work-
men's compensation against his employer, the Michi-
gan State Library, and the Michigan State Accident
Fund, its insurer. Award of compensation for total
disability by hearing referee. Defendants appealed
to Workmen's Compensation Appeal Board. Award
affirmed. Defendants appeal. Affirmed.

*Rapaport, Siegrist & Miatech*, for plaintiff.

*Peter B. Munroe, Norman F. Hammer*, and *Albert
J. Russell*, for defendants.

McGregor, J. The employer in this workmen's
compensation case is the State of Michigan, which
operates a State library located in the city of Lan-
sing. The appellee was employed at the library at
the time of his injury. He was hired by the State
of Michigan on or about April 25, 1955, and as-

signed duties in the State library. On January 10, 1956, he was promoted to motor vehicle operator.

Appellee alleges that he sustained a personal injury involving his shoulder and back, in the course of his employment, in August, 1960. The record shows that he returned to work in May, 1961, and was demoted voluntarily in January, 1962, at which time he was given favored employment with the same appellant-employer because of his inability to perform his former duties, and in March, 1963, was dismissed from this favored employment because of misconduct. He testified that he lost time from this favored employment because of his injury and could not return to duty because of incapacitating injuries to his shoulder, back and neck. The employer experienced problems with the employee over a period of years, and the employee was warned about his conduct several times.

The hearing referee found that Neagle received a personal injury in the course of his employment and that he is "still totally disabled," and ordered the payment of compensation. The referee made the additional finding that, although he was satisfied that Mr. Neagle took long "coffee breaks" and was detected with the odor of alcohol about his person, "there was no drunkenness nor any illegal activity or moral turpitude in this case". The workmen's compensation appeal board affirmed the award of the hearing referee and in its opinion said:

"From the file in this case, we find the plaintiff disabled as a result of his 1960 injury. Further, that, whereas the plaintiff's actions justify his dismissal, the defendant is estopped in this case from avoiding the responsibility of paying workmen's compensation by its long period of condoning the very same action for which it terminates him after his injury."

The legal issue in this case is whether there is competent evidence to support the fact findings of the workmen's compensation appeal board. Our review is limited, in the absence of fraud, to questions of law. Const 1963, art 6, § 28; CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186). This finding is one of fact.

"The existence or extent of an injury or disability is a finding of fact and will not be disturbed where supported by competent evidence." *Carter* v. *General Motors Corporation* (1960), 361 Mich 577, 593.

The issues raised in this appeal were presented at the hearing and before the appeal board, and were resolved in favor of the appellee. The workmen's compensation appeal board further found:

"Though there could be no question but what the plaintiff had been a disciplinary problem, this case had the added feature of the employer's condonement."

The appeal board quoted in part, with approval, the hearing referee's finding:

"The plaintiff was the same kind of employee at the time of his discharge that he had been for several years when he was rated as satisfactory."

Also, in the appeal board opinion affirming the hearing referee, we find the following paragraph:

"By this decision we are not affecting the sound and logical rule, that an employee on favored employment, if while at work engages in several acts of voluntary drunkenness, decreasing his efficiency as an employee and is detrimental to the morale of his fellow employees, his termination of employment will also terminate his right to workmen's compensation."

If there is competent evidence to support the findings, it must be affirmed, because no fraud is claimed.

Const 1963, art 6, § 28; CL 1948 § 413.12 (Stat Ann 1960 Rev § 17.186).

Appellants ask this Court to reverse the finding of the appeal board and remand for a lesser award, contending that the dismissal for misconduct should have resulted in a restriction of compensation to the appellee, measured by two-thirds the difference between the amount he could have received in this favored employment and the amount he was receiving before his injury. (CLS 1961, § 412.10 [Stat Ann 1960 Rev § 17.160], as it existed prior to PA 1965, No 44 [Stat Ann 1965 Cum Supp § 17.160]).

The general rule of this State, under similar circumstances, where the injured employee is without fault in not reporting to work, is that he is entitled to compensation. The appeal board found, and the record substantiates its findings, that the appellee was disabled as a result of his 1960 injury and that the appellant condoned for a long period of time the very same action for which it terminates his employment after his injury. The appeal board found that appellee's conduct was not of such a nature as to require forfeiture of his workmen's compensation benefits. There is evidence to support this finding.

Appellate courts will not upset fact findings if such findings have support in the record. *Coates v. Continental Motors Corporation* (1964), 373 Mich 461; *Turner v. Consumers Power Company* (1965), 376 Mich 188. We approve the finding that William Neagle should not be denied workmen's compensation benefits. *Hood v. Wyandotte Oil & Fat Co.* (1935), 272 Mich 190; *Neal v. Stuart Foundry Co.* (1930), 250 Mich 46. A discharge from favored employment, under all of the circumstances established in this case, will not and should not defeat a claim for workmen's compensation benefits when

the employee is unable to perform that favored work.

The decision of the workmen's compensation appeal board is affirmed, with interest and costs to appellee.

QUINN, P. J., and N. J. KAUFMAN, J., concurred.