Hager *v.* Bethlehem Mines Corp., Appellant.

Argued April 10, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Thomas Lewis Jones,* with him *John B. McCreight* and *McCreight & McCreight,* for appellant.

*George I. Bloom,* with him *Jerome Hahn* and *Bloom, Bloom & Yard,* for appellee.

OPINION BY ERVIN, J., June 11, 1957:

This is a workmen's compensation appeal. The Workmen's Compensation Board reversed the referee and found in favor of the claimant. The court below affirmed the award.

The board having found in favor of the claimant, we are obliged to review the evidence in the light most favorable to the claimant and he is entitled to the benefit of every reasonable inference deducible therefrom. *Santillo v. Pittsburgh Railways Co.,* 181 Pa. Superior Ct. 266, 124 A. 2d 657.

Percy Hager was employed by the defendant as a shot firer in its coal mine. On Friday, December 8, 1950 a fifty-ton rock fall occurred in the mine. The fall was caused by mine cars crashing into supporting timbers. The assistant mine foreman prepared eight shots, each containing four sticks of dynamite, and placed them on the fall. The claimant refused to fire the shot because the charge was too powerful. The assistant mine foreman unexpectedly fired the 32 sticks of dynamite at one time when the claimant was only 45 to 50 feet away. The blast ripped open the doors in the section. Immediately the claimant felt a pain in his head and his left arm, hand and leg became numb. He further testified: "After that I staggered to the man trip; I was dazed, and I staggered to the man trip and I just felt like somebody gave me a punch in the head; I staggered to this man trip car and I didn't remember what happened until 10 o'clock in the night after I came to; I was in the bottom

of the shaft and men were crawling over me at the bottom of the shaft; I came to myself."

There was progressive paralysis involving the left arm and leg, with increasing external hemorrhage in the right eye so that by the Monday following the explosion he was completely paralyzed on the left side. The claimant suffered a cerebral hemorrhage caused by the explosion.

In our consideration of the case we may not independently weigh the evidence and substitute new findings for those of the board where the findings of the board are supported by the evidence. *Nelson v. Borough of Greenville,* 181 Pa. Superior Ct. 488, 124 A. 2d 675.

From a reading of the testimony, we are convinced that the findings of the board were supported by competent evidence.

The principal defense is that the injury received by the claimant was not caused by the blast but was merely coincidental. Two qualified physicians testified that the blast caused the cerebral hemorrhage resulting in his disability. Some of the medical testimony presented by the defense admitted this to be a possibility. The defendant's doctors testified that the claimant had a cerebral thrombosis not caused by the explosion but only coincidental therewith.

The board found that the claimant had met his burden of proof and that the claimant suffered a cerebral hemorrhage caused by the explosion.

We have decided that where the injuries are so immediate and directly, or naturally and probably, the result of an accident, the board is not required to depend alone upon medical testimony to find a causal connection. *Benci v. Vesta Coal Co.,* 131 Pa. Superior Ct. 435, 200 A. 308.

The final argument for the defense is that (1) there was no evidence of an accident and (2) that the board

made no specific finding of an accident. "To constitute a compensable 'accident' it must be shown that the work in which the employee was engaged at the time of the occurrence was of a different nature and required a materially greater amount of *exertion, risk or exposure* than that to which he was ordinarily subjected. . . ." (Emphasis added) *Balaban v. Severe,* 157 Pa. Superior Ct. 463, 465, 43 A. 2d 543.

" 'That which distinguishes an accident from other events is the element of being unforeseen; an accident is an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and hence unexpected and unforeseen': Lacey v. Washburn & Williams Co., 309 Pa. 574, 578, 164 A. 724. 'The criterion for "unusualness" is not whether the act causing the injury is unusual generally speaking, but whether it is unusual and untoward in the course of the employment in which the employee was engaged': . . . ." *Lemmon v. Pa. Dept. of Highways,* 164 Pa. Superior Ct. 254, 259, 63 A. 2d 684.

While the claimant was a shot firer, it was not within the usual course of his employment to fire 32 sticks of dynamite at one time. The evidence is clear that claimant refused to fire this shot because it was too great a load. The evidence is also clear that the shot which was fired by the assistant mine foreman was unexpected by the claimant. Certainly the claimant was subjected to a greater risk or exposure than that to which he was ordinarily subjected. The incident was "unusual and untoward in the course of the employment in which the employee was engaged." There was sufficient evidence for the board to find that a compensable accident occurred in this case.

The board did not specifically find that there was an accident, probably because the emphasis in the proceedings before it related to the question of causal connec-

tion between the injuries suffered and the explosion. It did, however, in its opinion, quote from *Benci v. Vesta Coal Co.,* supra, as follows: "Where injuries are so immediately and directly, or naturally and probably, the result of an *accident* we are not required to depend alone upon medical testimony to find a causal connection...." (Emphasis added) Thereafter the board found: "SIXTH As a result of the explosion on December 8, 1950, the claimant suffered a cerebral hemorrhage and was totally disabled from said day until the present time."

As long as the compensation authorities make findings which substantially comply with the requirements of the act, it is immaterial in what manner the authorities designate them. *Eldridge v. Blue Ridge Textile Co., Inc.,* 160 Pa. Superior Ct. 578, 586, 52 A. 2d 339. Of course, the findings of fact should be sufficiently definite to enable the reviewing court to properly perform its duties. *Simon v. Fine,* 167 Pa. Superior Ct. 386, 74 A. 2d 674. While the board did not specifically find that an accident had occurred, it did find: "FIFTH That a blast of dynamite was set off on December 8, 1950 by the assistant mine foreman, Michael Petro." and that "SIXTH As a result of the explosion on December 8, 1950, the claimant suffered a cerebral hemorrhage and was totally disabled from said day until the present time." Under its conclusions of law, it further found "SECOND: That since the claimant suffered total disability as a result of an explosion on December 8, 1950, he is entitled to the benefits of the Workmen's Compensation Act of the Commonwealth of Pennsylvania." These specific findings, as well as the discussion in the body of the opinion are sufficient to enable us to understand the issues involved in this appeal. It might have been better for the board to specifically find that an "accident" occurred but under the circumstances in this case we do not deem it necessary to remand the case for a specific

finding on this point. The board used the word "explosion" instead of the word "accident." A review of the whole opinion makes it clear that the board considered the explosion as an accident within the meaning of the workmen's compensation law.

Judgment affirmed.