## Sosna *v.* Ford Motor Company, Appellant.

Argued March 25, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Penrose Hertzler,* for appellant.

*W. J. Krencewicz,* for appellee.

OPINION BY GUNTHER, J., June 15, 1960:

Defendant's appeal is based on the theory that there is no substantial evidence to support the finding of the compensation authorities that claimant's disability is causally related to the accident.

On April 29, 1957, claimant filed his claim petition alleging that on January 22, 1957, while turning a station wagon on a turntable, he suffered a sprain of his back and was disabled since January 25, 1957. At the hearing the date of the accident was set as January 21, 1957. Defendant denied the allegations and the matter was heard by the referee who concluded that the occurrence on January 21, 1957 was an accident and that claimant had been totally disabled since Jan-

uary 25, 1957. The board affirmed the findings of fact, conclusions of law and the award of the referee.

Defendant argues that the claimant did not sustain an accidental injury while in the employment of the defendant; it assigns as error the referee's findings of fact.

The claimant was employed as a paint sprayer in the assembly plant for Ford automobiles of the defendant company at Chester, Pennsylvania. He claims that while turning a vehicle on a turntable, the vehicle started to slip off the turntable and as he pushed the vehicle back upon the turntable he sustained the sprained back.

We are asked to determine whether or not there is sufficient competent evidence to sustain the finding of an accident and whether thereby claimant suffered total disability.

The board reviewed the claim and came to the conclusion that the claimant sustained the burden of proof that during the occurrence on January 21, 1957, claimant suffered a lumbar fifth intervertebral disc syndrome on the right, the resultant effects of which he became totally disabled. The board was convinced that when the claimant grabbed the vehicle to prevent it from slipping, the unusual exertion twisted the back causing severe pain.

The occurrence was reported to the foreman who sent him to the company's nurse and plant physician. After continuing to work that day and several days thereafter, claimant was ordered to his home for further treatment. The incident was classified by the board as a fortuitous happening within the meaning of the Compensation Act—an unusual and untoward occurrence within the meaning of the statutory requirements.

Since the board, the arbiter of the facts, found in favor of the claimant its findings are binding on this Court. *Litman v. Litman,* 185 Pa. Superior Ct. 69, 137 A. 2d 918.

The evidence must be viewed in the light most favorable to the claimant and he must be given the benefit of every inference reasonably deducible therefrom. *Kish v. T. F. Steele Coal Company,* 185 Pa. Superior Ct. 257, 137 A. 2d 855.

An examination of the record reveals testimony which supports the findings of fact:

"Q. On January 22, 1957 you said you were hurt, tell the referee what happened at that time? A. I spray the station wagons, the rear of them, and while I was ready to spray one station wagon, I put it on the turntable backward and I put the emergency brake on and turned the whole turntable and the station wagon around so I could spray the rear of it and at this time the brake did not hold and the station wagon started going forward and I grabbed ahold of it and twisted my back and I had grabbed it to prevent it from being damaged. Q. While grabbing it you twisted and hurt your back? A. Yes."

The evidence reveals that the incident required much more exertion than that to which claimant was usually or ordinarily subjected in his day to day activities. We have held that even though a claimant may not have suffered an accident in the ordinary lay understanding of the term, where the accident resides in the extraordinary nature of the effect rather than in the cause, there is a compensable accident. *Traino v. Murray Corporation of America,* 189 Pa. Superior Ct. 423, 150 A. 2d 368.

The scope of the judicial function in this, as in all appeals from the findings of fact of the compensation authorities, is limited to a determination of whether

the findings are supported by substantial competent evidence. *Mosley v. Jones & Laughlin Steel Corp.*, 155 Pa. Superior Ct. 598, 39 A. 2d 161.

An injury is compensable where the work in which the employe was engaged at the time of the occurrence was of a different nature and required a materially greater amount of exertion, risk or exposure than that to which he was ordinarily subjected. *Hager v. Bethlehem Mines Corp.*, 183 Pa. Superior Ct. 498, 133 A. 2d 567.

We have in the instant case the element of the act of the claimant in grabbing the slipping car to prevent it from being damaged. The incident required extraordinary exposure and a greater exertion than that which was ordinarily required of claimant.

The referee and the board could infer that the exertion placed an unusual amount of strain upon the claimant.

The compensation authorities found that the incident on January 21, 1957 caused claimant to suffer a right sacroiliac injury resulting in total disability.

Dr. Austra diagnosed the injury as "traumatic right sacroiliac luxation and sprain or strain". He was of the opinion that the claimant is totally disabled.

Dr. Van Dyke, an impartial witness appointed by the board, testified that claimant has "a low back disability with a lumbar fifth intervertebral disc syndrome on the right side", and that the claimant was totally disabled.

Dr. Monahan, defendant's witness, testified that the claimant complained to him of pain in the sacroiliac, and that such complaints were consistent with an injury suffered in the manner described by the claimant. He also testified that claimant was totally disabled from January 28, 1957 until April 2, 1957, when he advised him to report back to work.

Defendant's medical expert agreed with the claimant witnesses as to causal relation and disability; the only difference being that Dr. Monahan was of the opinion that claimant could return to work two weeks after he saw him on March 13, 1957.

We agree with the compensation authorities and the court below that there is competent evidence to support the findings of an accidental injury and causal relation between the accident and the disability.

Judgment is affirmed.