## Moore, Appellant, *v.* MacArthur Pile Corporation.

Argued September 16, 1960. Before RHODES, P. J., GUNTHER, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (WRIGHT, J., absent).

*Maurice Freedman,* with him *Robert H. Arronson,* and *Herbert H. Hadra,* for appellant.

*Joseph R. Thompson,* for appellee.

OPINION BY GUNTHER, J., November 16, 1960:

In this workmen's compensation case, the claimant has filed this appeal from the judgment of the court below affirming the decision of the Board terminating compensation benefits.

On January 26, 1954, claimant, L. A. Moore, suffered injuries to his back while in the course of his employment by MacArthur Pile Corporation. While straining to move a six ton rig, he slipped and fell on ice and snow and struck his back against a steel beam. He was hospitalized as a result of this accident until February 15, 1954. The insurance carrier tendered an agreement for compensation from the date of the accident to February 16, 1954, which was refused. On February 26, 1954, the claimant filed his petition for compensation. At the hearings before the referee, records of Temple University Hospital were introduced and medical testimony was received into evidence from

both sides. Following the hearings, on March 23, 1956, the referee found the claimant to be totally disabled and that his disability still continued. On October 3, 1956, the Board reversed the decision of the referee and remanded the case to him for the appointment of an impartial physician. Thereafter, a hearing was held on January 15, 1957, at which time Dr. Morris Segal, the impartial physician, testified. Dr. Emanuel Ferguson testified for claimant. The referee filed his decision on April 14, 1957, finding total disability from the date of the accident to July 1, 1954 and that disability ceased on that date. Claimant filed an appeal to the Board and the Board, on July 17, 1957, filed an opinion affirming the referee's decision. From this determination, claimant filed an appeal in the court below but before arguments were heard on this appeal, claimant filed a petition for a rehearing before the Board. This petition alleged that since the filing of the appeal, claimant had undergone further medical tests and treatment and that he has been further hospitalized and treated.

By stipulation, argument on the appeal filed in the court below was postponed pending determination of the petition to the Board for a rehearing. On May 7, 1958, the Board granted a rehearing at which additional medical evidence was taken. The records of the Veterans Administration Hospital, Perry Point, Maryland, was introduced and three other doctors testified for claimant. On May 26, 1959, the referee again filed an opinion holding that claimant's disability had ceased as of July 1, 1954. From this decision, an appeal was filed with the Board and on December 2, 1959, the Board again affirmed the referee's decision. The claimant also took an appeal from this decision and, after argument, the court below affirmed the decision of the Board. This appeal followed.

Claimant contends here that the Board capriciously disregarded the testimony of his doctors and hospital records and that upon granting a rehearing, at which additional evidence was produced to show that he was totally and permanently disabled, it disregarded this evidence. Without detailing the medical evidence produced, it is sufficient to state that the claimant and his medical experts contended that he was continuously disabled by a herniated disc injury which was caused by the accident of January 26, 1954. On the other hand, the employer's medical evidence tended to show that claimant was no longer disabled. The impartial medical expert stated that there was no clinical evidence of a fracture or dislocation of the bones comprising the sacroilliac joints or lumbar vertebrae. There was no evidence of a ruptured disc and that x-ray studies and a myelogram sustained this conclusion. Claimant's medical experts, on the other hand, suggested that these tests are not conclusive and that an operation is the only sure test to determine the existence of the condition complained of. The impartial medical witness suggested the claimant to be a malingerer.

It is readily apparent that the Board was faced with a conflict of medical evidence and it had to determine the facts from this conflict. We have repeatedly stated that the scope of the judicial function in appeals from findings of fact of the compensation authorities is limited to a determination whether the findings are supported by substantial competent evidence. *Sosna v. Ford Motor Company,* 192 Pa. Superior Ct. 456, 161 A. 2d 657; *Mosley v. Jones & Laughlin Steel Corp.,* 155 Pa. Superior Ct. 598, 39 A. 2d 161. It is also well settled that the credibility of expert witnesses and the weight to be attached to their testimony are matters exclusively for the Board and, in a

conflict of medical opinion, it is for the Board to decide which conclusion it will adopt. *Erwin v. L. & H. Construction Co.*, 192 Pa. Superior Ct. 632, 161 A. 2d 639; *Gasior v. Pittsburgh*, 188 Pa. Superior Ct. 371, 146 A. 2d 320. We must view the evidence in the light most favorable to the party having the Board's decision. *Hurlburt v. Fidelity Window Cleaning Company*, 192 Pa. Superior Ct. 152, 160 A. 2d 251; *Curran v. Walter E. Knipe and Sons, Inc.*, 185 Pa. Superior Ct. 540, 138 A. 2d 251.

Claimant contends that the Board flagrantly disregarded evidence which overwhelmingly tended to show a permanent and total disability and that it acted capriciously. We do not so conclude after a review of this record. We find that there was competent evidence upon which the determination of the Board can be based. The real complaint here seems to be that some equally competent evidence was produced to show a permanent disability. The Board, however, may accept or reject, in whole or in part, the testimony of any witness and the weight of testimony of one who qualifies as an expert may not be reviewed as a matter of law. *Erwin v. L. & H. Construction Co.*, supra; *Williams v. Susquehanna Collieries Co.*, 148 Pa. Superior Ct. 540, 25 A. 2d 751. Dr. William A. Tomasco, a specialist in general and industrial surgery, testified that he examined the claimant and that the claimant had no disability at the time of the examination as a result of the accident. Dr. Donald T. Jones, a specialist in orthopedic surgery, testified that his examination of the claimant revealed no evidence of any disc injury. Dr. Morris Segal, the impartial physician, concluded that claimant could have returned to work several months after the accident. The Board relied on this testimony rather than on the testimony produced by the claimant.

Much emphasis is placed on the fact that the Board expressed sympathy for claimant and that the Board did grant a rehearing for the taking of additional medical testimony. This, of course, only demonstrates that the Board desired to give claimant every opportunity possible to prove his continuing disability and cannot be interpreted to mean that by having ordered the taking of additional testimony, requested by claimant, it acted capriciously in not accepting such testimony. This testimony, along with that previously presented, was considered by the Board.

Judgment affirmed.