Fenstermaker *v.* Bodamer, Appellant.

Argued April 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*F. Joseph Thomas,* for appellant.

*Stuart A. Culbertson,* with him *Paul E. Allen,* for appellee.

OPINION BY ERVIN, J., June 15, 1961:

This is an appeal from the refusal of the court below to grant defendant's motions for new trial and judgment n.o.v.

The case arose as the result of an automobile accident which occurred at the uncontrolled intersection of North Perry Street and West Elm Street in the city of Titusville, Pennsylvania. The jury found a verdict in favor of the plaintiff in the amount of $2,000.00.

In considering a motion for judgment n.o.v., the verdict winner must be given the benefit of the evidence which is most favorable to him, together with all reasonable inferences therefrom: *Shaffer v. Baylor's Lake Assn., Inc.,* 392 Pa. 493, 141 A. 2d 583.

On May 21, 1950, at 12:15 p.m., plaintiff was operating his 1949 Dodge at a speed of about 15 miles an hour in a northerly direction on North Perry Street at or about its intersection with Elm Street. Plaintiff's visibility to his left was obscured by a house, a hedge, several large maple trees and an automobile which was parked on the south side of Elm Street, 15 or 20 feet from the west side of North Perry Street. Defendant corroborated plaintiff as to the poor visibility of the intersection. The plaintiff looked to the left and right prior to entering the intersection, as he entered the intersection, and when he was about halfway through the intersection. When halfway through the intersection, the left front of plaintiff's vehicle was struck by the defendant's vehicle. Plaintiff saw defendant's vehicle just prior to the impact as he glanced to his left. The impact turned plaintiff's car slightly to its right, where it came to rest approximately 5 feet

from the point of impact. The impact turned defendant's car to its left and it continued on over the curb and onto the sidewalk in front of the church at the northeast corner of the intersection.

We believe that the plaintiff was not guilty of contributory negligence as a matter of law. That question was properly left to the jury: *Goldenberg v. Watkins,* 191 Pa. Superior Ct. 5, 155 A. 2d 478.

. . Plaintiff testified that his health was good prior to the accident and that he never had any trouble with his neck before the accident. After the accident, plaintiff's neck hurt and he had pain in his neck, shoulder and elbow. His doctor prescribed a neck brace and a leather collar.

Defendant argues that plaintiff failed to establish a causal connection between the accident and the alleged injuries. It has been decided that where the injuries are so immediate and directly or naturally and probably the result of the accident, the fact finder can find a causal connection without expert testimony: *Paul v. Atlantic Refining Co.,* 304 Pa. 360, 156 A. 94; *Hager v. Bethlehem Mines Corp.,* 183 Pa. Superior Ct. 498, 133 A. 2d 567.

Defendant further argues that the court below should have instructed the jury that plaintiff failed to call the doctor who treated him for his injury and that the jury could draw an inference from this that his testimony would have been unfavorable to the plaintiff.

The rule is that where evidence which would properly be part of a case is within the control of the party whose interest it would be naturally to produce it and, without satisfactory explanation, he fails to do so, the jury may draw an inference that it would be unfavorable to him. It is an inference of fact, not a presumption of law: *Ferne, Admrx. v. Chadderton et al.,* 363 Pa. 191, 69 A. 2d 104.

The plaintiff, through his attorney, introduced a letter from the doctor into evidence, in which he explained that because of a physical disability he would be unable to attend the trial. It is a well known fact that attorneys seldom, if ever, subpoena a doctor to testify. We feel that a satisfactory explanation was made by the plaintiff.

It should be noted that the court below did charge as follows: "We have been asked to charge you specially there is no duty upon the defendant in this case to subpoena witnesses to prove the plaintiff's case and that's the truth. It wasn't the duty of the defendant to subpoena Dr. Fortune to have him here to produce anything else. The defendant had a right, however, when he was not called on behalf of the plaintiff, to issue a subpoena for him if he saw fit to do so, but there is no duty upon him to subpoena them, ordinarily the plaintiff should subpoena his own witnesses and have them here for the trial. As to why they weren't here you heard the evidence about that and we leave that to you."

Judgment affirmed.