Ferlazzo, Appellant, *v.* Harbison-Walker Refractories Company et al., Appellants.

Argued November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Edward T. Kelley,* for claimant.

*Murray J. Jordan,* with him *Fred J. Jordan,* for defendants.

OPINION BY WATKINS, J., March 20, 1963:

The claimant, Natale Ferlazzo, in this workmen's compensation case, seeks benefits for an alleged accidental injury resulting in a "hurt back". The Referee awarded benefits, including medical and hospital reimbursement, despite the fact that the Blue Cross and Blue Shield had paid these costs. The premiums for the coverage had been paid by the employer.

The Workmen's Compensation Board reversed, setting aside the findings of fact, conclusions of law, and the award of benefits by the referee. The board substituted its own findings of fact and conclusions of law, entering an order of disallowance on the ground that the claimant did not sustain an accident and that there was not sufficient competent evidence to establish disability from an accident sustained in the course of his employment; and further that there is no provision in the Workmen's Compensation law for reimbursement for medical and hospital benefits paid by the Blue Cross and the Blue Shield.

The Court of Common Pleas of Clearfield County reversed the findings of fact and order of disallowance made by the board, and, in effect, reinstated the findings of the referee. However, the court below affirmed the workmen's compensation board's disallowance of the sums paid by the Blue Cross and Blue Shield.

The claimant appealed from the disallowance of the medical and hospital costs to No. 359 October Term, 1962; the employer appealed from the allowance of compensation to No. 348 October Term, 1962.

The court below was under a misapprehension as to the scope of judicial review. "When a claim goes to the courts the appeal is not from the findings of the referee, but from the findings and conclusions of the board." *Lorigan v. W. O. Gulbranson, Inc.,* 184 Pa. Superior Ct. 251, 254, 132 A. 2d 695 (1957). The board is the final arbiter of facts, the referee is only an agent of the board and the board may reject, change or adopt the findings of the referee. *Rodgers v. Methodist Episcopal Hospital,* 188 Pa. Superior Ct. 16, 145 A. 2d 893 (1958). Here, when the board substituted its own findings for those of the referee, his findings disappear from the case. The court below was clearly in error when it determined that "the prevailing party is considered to be the claimant, with his favorable

award by the referee". The evidence must be reviewed in the light most favorable to the prevailing party, in this case, the employer. *Gasparovich v. Federal Reserve Bank of Cleveland,* 194 Pa. Superior Ct. 137, 166 A. 2d 57 (1960).

The court below treated this appeal as though it were necessary for the reviewing court to seek sufficient competent evidence to support the findings of the referee, while its appellate function was to determine whether the board's findings of fact were consistent with each other and with the conclusions of law and could be sustained without a capricious disregard of the competent evidence. "The board may accept or reject, in whole or in part, the testimony of any witnesses as it is its province to pass upon the testimony and determine the credibility to be accorded the witnesses and the weight to be given their testimony. Kubler v. Yeager, 189 Pa. Superior Ct. 339, 150 A. 2d 383 (1959). In Dindino v. Weekly Review Pub. Co. Inc., 188 Pa. Superior Ct. 606, 610, 149 A. 2d 475 (1959), we said: 'Questions of fact are for the compensation authorities and the appellate court may not make an independent appraisement of the evidence.' . . . It is well settled that the credibility of expert witnesses and the weight to be attached to their testimony, are matters exclusively for the board and in a conflict of medical opinion it is for the board to decide which conclusion it will adopt. Gasior v. Pittsburgh, 188 Pa. Superior Ct. 371, 146 A. 2d 320 (1958)." *Erwin v. L. & H. Construction Co.,* 192 Pa. Superior Ct. 632, 634, 636, 161 A. 2d 639 (1960). "In a workmen's compensation proceedings, the tryer of facts is not required to accept even the uncontradicted testimony as true." *Zilek v. C. C. Coal Co.,* 186 Pa. Superior Ct. 628, 631, 142 A. 2d 507 (1958).

From a review of the testimony it is difficult to tell exactly what happened on May 10, 1960. The claim-

ant, age 62, suffered from an osteoarthritic condition. While working as a laborer mixing concrete, he was taking bricks out of a frame when one of his feet started slipping on the step of a ladder and he suffered a sharp pain in his back.

As the board put it: "This Board has reviewed the testimony given by the claimant relative to the matters which took place on May 10, 1960. We note that in his testimony he does not set forth specifically the events which spell out an accident. The claimant, in effect, testified that he experienced difficulty in loosening a frame; that when he exerted by pulling hard, his foot started to slip on the step ladder and he got a pain in the back. The claimant further set forth that he did not fall off the step ladder but merely one foot did. In reviewing the history this claimant gave to the doctor who treated him, the doctor stated that he did not recall the claimant giving him that history, but rather the history he received was that the claimant was lifting a heavy object and he noticed that while in the act of lifting, he had a pain in his back. The statement which claimant gave to the representative of the defendant company and to which the referee gave little or no credibility, is to the effect that the claimant stated that the injury did not happen sudden; that his back got bad while he mixed cement; that while working with bricks the next day, he had to stop because his back hurt too much. No where in the statement can it be inferred that an accident occurred."

The Board vacated the findings of fact of the referee and made the following salient findings:

"2. That on May 9, 1960, the claimant, while in the course of his employment, sustained a pain in his back and that on the following day, at or around 9:30 a.m., his back still hurt him from the day previously and that he informed his boss he was going home because he hurt his back.

"3. That claimant rendered three different stories relative to the history of how he incurred pain in his back. The history given to his physician was that he sustained pain in his back while in the act of lifting a heavy object. Testimony by the claimant sets forth that claimant started slipping on the step ladder when using force to loosen a frame and, as a result, he received pain in his back. A signed statement, given in the presence of his daughter to a representative of the defendant, sets forth that the injury did not happen sudden, but that he endured pain in his back during the performance of his employment mixing cement for his employer.

"4. That as a result of the pain sustained, the claimant was rendered medical aid by Dr. Thomas H. Aughinbaugh and later admitted to the Clearfield Hospital on May 10, 1960, where he remained as a patient through May 28, 1960, under traction and other medication. The claimant continued under the care of Dr. Aughinbaugh until September 23, 1960. Claimant, however, returned to work for the defendant on August 10, 1960, at wages equal to or greater than he was earning at the time of the alleged accident.

"5. That claimant, while in the ordinary course of his employment performing his regular task, sustained pain in his back which was not an injury within the intendment of the Workmen's Compensation Act.

"6. That the medical evidence rendered at the hearing failed to unequivocally establish a causal connection between the disability and the injury sustained during the course of his employment."

"The Board's decision against the claimant in the instant case falls within the general rule that an accident may not be inferred from the fact that disability overtakes an employe in the performance of his usual duties." *Urbasik v. Johnstown,* 198 Pa. Superior Ct. 232, 237, 182 A. 2d 90 (1962). Our review of this

record does not disclose any inconsistencies in the findings and conclusions of the Board or a capricious disregard of competent evidence that an accident took place.

Having determined that his injury was not a result of an accident in the course of his employment, the question of proof of causal relationship, between the disability and the accident, is moot. However, the following medical testimony is pertinent to the question. The only doctor who testified was Dr. Aughinbaugh. He testified as follows: "Q. He had osteoarthritis? A. Yes. Q. Was that diffuse? A. Yes. Q. Was it throughout the lumbar back? A. Yes." He further testified: "Q. In your opinion was this caused by this heavy lifting which he gave you a history of on the day he was in pain? A. I can't very well answer that that way. It would be impossible for me to say the thing actually happened at that time. . . . Q. Taking all facts into consideration would it be reasonable for you to say this heavy lifting, which caused him to go home after one and a half hours work, would indicate this heavy lifting was the cause of this lesion? A. I can't answer it that way. I can say, from the history presented and the findings at the time, it would be proper to presume the accident had caused his pain. Whether or not then, he had a pre-existing lesion, such as osteoarthritis, whether the wedging was prior present I can't say and have no x-ray."

In the case of *Smith v. Pull.-Stand. Car Mfg. Co.*, 194 Pa. Superior Ct. 263, 166 A. 2d 299 (1960), we reviewed the burden upon the claimant to prove causal relationship. The claimant's doctor in that case testified: "A. I determined that the condition was a result of it. I said it was very probable and highly possible that it could have occurred. I don't know that he didn't injure his ankle some place else but he gave this history and the fact that he had developed this, I as-

sumed that it was a result of that." And this Court said at page 269: "The circumstances of the instant case required unequivocal medical testimony: Anthony v. Lee Coal Co., 168 Pa. Superior Ct. 397, 77 A. 2d 657. See also Meehan v. Philadelphia, 182 Pa. Superior Ct. 161, 126 A. 2d 488; Elonis v. Lytle Coal Co., 134 Pa. Superior Ct. 264, 3 A. 2d 995. It is readily apparent that the testimony of Dr. Christie falls short of the standard set forth in Washko v. Ruckno, 180 Pa. Superior Ct. 606, 121 A. 2d 456, in which case we held that, where medical testimony is necessary to establish causal connection, the medical witness must testify, not that the injury or condition might have, or even possibly did, come from the assigned cause, but that in his professional opinion the result in question did come from the assigned cause."

In the instant case the doctor used the word "presume", while in the *Smith* case the doctor used the word "assumed". Neither of these words are sufficiently unequivocal to permit a finding that a pre-existing osteoarthritic condition was aggravated by an alleged accident. And in the very recent case of *Urbasik v. Johnstown,* supra, at page 239, 240, we said: "The credibility of the medical experts and the issues created by their testimony were for the compensation authorities: Allen v. Patterson-Emerson-Comstock, Inc., 186 Pa. Superior Ct. 498, 142 A. 2d 437. Passing the employer's argument that the opinions of appellant's medical witnesses did not meet the required standard of proof, see Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 133 A. 256, it seems abundantly clear that the Board is not chargeable with legal error in refusing to find that claimant had established the necessary causal relationship. We all agree with Judge MacDonald, speaking for the court below, that 'there has not been a capricious disregard of competent evidence by the Board'. Notwithstanding our sympathy for this appellant, we have no al-

ternative other than to dismiss her appeal." See also: *Lind v. Argo Lamp Co.*, 198 Pa. Superior Ct. 247, 181 A. 2d 726 (1962).

As the question of hospital and medical expenses is moot, now that it has been determined that the claimant did not sustain an accident, we will not discuss the question.

The order of the Court of Common Pleas is reversed and the decision of the Workmen's Compensation Board denying benefits is reinstated.