## Sigismondi *v.* DeVincentis Construction Company et al., Appellants.

Argued September 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*W. Glenn George,* for appellants.

*Gerald Gornish,* with him *Leonard Zack,* for appellee.

OPINION BY MONTGOMERY, J., November 12, 1964:

In this workmen's compensation case the referee granted claimant's petition to set aside a final receipt

and made an award on a finding of fifteen per cent partial disability. The referee's award was reversed by the board. The Court of Common Pleas subsequently reversed the order of the board and ordered the reinstatement of the award of the referee.

On June 7, 1960, Nicholas Sigismondi, appellee-claimant, a stone pointer by occupation, at the age of 63 sustained a linear fracture of the fifth metatarsal bone of his left foot. For this injury, under a compensation agreement, he received compensation of $1,123.21 from June 20, 1960, to December 22, 1960. A final settlement receipt was signed on January 10, 1961. Appellee's petition to set aside the final receipt was dated January 7, 1963, and a hearing was held before the referee on February 13, 1963.

The claimant had the burden of proof to set aside the final receipt in accordance with the provisions of the Act of February 28, 1956, P. L. (1955) 1120, §1, 77 P.S. §1001.

In attempting to meet his burden of proving that the injury to his left foot had not healed appellee heavily relied on testimony that is frequently referred to as "subjective" in nature, and he also relied on expert medical opinion based on that testimony. Subjective injuries, pain, and suffering are those which depend on the accuracy of an injured person's complaints to his examining physician rather than on objective findings such as X rays or involuntary muscle spasms. *Wade v. Lane,* 189 F. Supp. 661 (D.C. 1960). In this respect appellee testified that he had dull pains in his leg at all times; that a couple of times he has had sharp pains, at which times he could not walk, the latest time being three weeks prior to the hearing before the referee; that he no longer is able to work on scaffolds or stepladders nor would he dare to risk working with both hands in high places because of his weak leg.

Appellee's wife testified that her husband complained a great deal about his leg and occasionally of sharp pains in it; that on a couple of occasions, prior to Thanksgiving and in December, 1962, his ankle was swollen, he complained of pain, and he could not walk; and that he complained of pain on the day prior to the hearing.

In behalf of the appellee Dr. Leman testified that he had examined appellee in December, 1961, at which time he was still complaining of pain and weakness in his foot; that appellee's left foot was still weak, was causing him pain, and was incapable of bearing his full weight. Although Dr. Leman testified that X rays were taken on July 12, 1961, which showed complete healing of the fracture, his diagnosis was fibrositis in the foot. In the doctor's opinion the appellee could do no work on scaffolds and he had disability between ten per cent and twenty per cent "because of this unreliance on the weak left foot and ankle." Under cross-examination Dr. Leman testified that his diagnosis of fibrositis was based on "prolonged and continued swelling about this foot and ankle during the healing process and the fact that he still complains of swelling in this area."

The board in its opinion in discussing the above evidence stated, "His [appellee's] own testimony is subjective and certainly not conclusive. . . . Dr. William W. Leman testified for the claimant. His emphasis was again on subjective. . . . Under cross-examination, Dr. Leman admitted much of his analysis was subjective. . . . The doctor admitted the swelling was not conclusive and he virtually admitted that his entire analysis was subjective. . . . We believe there is too much guessing and subjective analysis to conclude that claimant has met his burden of proof to set aside the final receipt."

It is well settled that when the decision of the board is against the party having the burden of proof,

the scope of judicial review of the board's decision is limited to a determination of whether the board's findings of fact are consistent with each other and whether the order can be sustained without a capricious disregard of the competent evidence. *Doheny v. City Stores,* 201 Pa. Superior Ct. 566, 193 A. 2d 650 (1963). The lower court's review and decision in this case are inconsistent with those limitations. It had no power to reinstate the award of the referee since in a workmen's compensation case an appeal is taken to the Court of Common Pleas not from an award of a referee, but from the decision of the board. *Ferlazzo v. Harbison-Walker Refractories Company,* 200 Pa. Superior Ct. 390, 189 A. 2d 189 (1963). It also made an independent appraisement of the evidence and examined and settled the credibility of the witnesses and the weight to be given their testimony. The duties and acts of review of the lower court in this case were quite similar to those of the lower court recently discussed and overruled by this Court in *Ferlazzo v. Harbison-Walker Refractories Company,* supra. We find no need to add to the discussion in that case since Judge WATKINS' opinion therein completely analyzes the scope of judicial review and cites ample authority in support thereof.

Order of the lower court is reversed and the order of the Workmen's Compensation Board dismissing claimant's petition to set aside the final receipt is reinstated.

WATKINS and FLOOD, JJ., would remand.