## Mohler *v.* Cook et al., Appellants.

Argued March 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

234

*George S. Black,* for appellants.

*Rudolf M. Wertime,* for appellee.

OPINION BY WRIGHT, J., April 15, 1965:

This is a workmen's compensation case. The employer and his insurance carrier have appealed from an order of the Court of Common Pleas of Franklin County which reversed a decision of the Workmen's Compensation Board and reinstated an award by the Referee.

The record discloses that, on August 2, 1961, claimant was employed as a mason in the construction of a potato cellar. In attempting to pick up a concrete lintel, he experienced a sharp back pain. "A. I bent over. I was in a twisted position and I went to pick it up. . . Something struck me across the back. I had to let go of it. Q. Can you describe what type of thing hit you in the back? A. Just a sharp pain like". The next day claimant consulted Dr. Rahauser, who diagnosed the condition as a back strain. On August 6, 1961, claimant returned to work. On December 18, 1961, while employed on another masonry job, claimant again experienced a sharp pain in his back. "A. I got it in the back; it was about the same as it was the time before". On December 21, 1961, claimant consulted Dr. Corbett who referred him to Dr. Richards. From December 26, 1961, until January 8, 1962, claimant was a patient in the Chambersburg Hospital, where he was in traction and underwent back manipulation. Claimant has worked without interruption since February 5, 1962. The Referee awarded compensation from December 22, 1961, to February 6, 1962, plus medical and hospital expenses. The Board reversed the Referee on the ground that claimant's disability "did not occur as a result of an accident".

The only medical witness for claimant was Dr. Richards, who testified as to his initial impression that claimant had an acute midline disc herniation in the lower back. A myelogram was performed which was essentially normal, and no surgical intervention was indicated. On direct examination the doctor testified as follows (italics supplied): "Q. Well, from what the patient told you, *is it possible* the pain he had in the back until the time you treated him came from the incident of August, 1961? . . . A. On the basis of the patient's history, he stated that his original injury was when lifting a piece of concrete which *could have* certainly produced the pain in the lower back. He stated that he had not recovered from this completely at the time of his second injury when he twisted getting out of the truck. I believe that this sequence of events certainly *could be* the cause for his continual pain in the back as of the time of my examination in December". The doctor further testified that x-rays of claimant's back disclosed a spondylolisthesis, which is a congenital defect or deformity. When questioned as to whether claimant's pain was due to this pre-existing condition or to the incident at work, the doctor stated: "I could not be positive".

Where the Board has found against the party having the burden of proof, the question on appeal is whether there has been a capricious disregard of competent evidence: *Verna v. Stabler,* 204 Pa. Superior Ct. 87, 203 A. 2d 578. The Referee is only the agent of the Board and the lower court does not have power to set aside the Board's findings and reinstate prior findings by the Referee: *Krasznay v. Milton Ross Metals,* 204 Pa. Superior Ct. 94, 203 A. 2d 393. The words of Judge WATKINS in *Ferlazzo v. Harbison-Walker Refractories Co.,* 200 Pa. Superior Ct. 390, 189 A. 2d 189, are here appropriate: "The court below was under a misapprehension as to the scope of judicial

review. 'When a claim goes to the courts the appeal is not from the findings of the referee, but from the findings and conclusions of the board'. . . The board is the final arbiter of facts, the referee is only an agent of the board and the board may reject, change or adopt the findings of the referee. . . Here, when the board substituted its own findings for those of the referee, his findings disappear from the case. The court below was clearly in error when it determined that 'the prevailing party is considered to be the claimant, with his favorable award by the referee'. The evidence must be reviewed in the light most favorable to the prevailing party, in this case, the employer". See also *Sigismondi v. DeVincentis Construction Co.,* 204 Pa. Superior Ct. 369, 205 A. 2d 47.

Claimant relies upon the case of *Adams v. Dunn,* 192 Pa. Superior Ct. 319, 162 A. 2d 42, in which it clearly appeared that unusual exertion caused a heart attack. There was no question as to the sufficiency of claimant's medical testimony. The Board simply chose not to find, under what amounted to given facts, that an accident had occurred. While the case at bar is similar in that the employer offered no evidence, we are here confronted with medical testimony on behalf of the claimant which was insufficient to carry his burden of proof. In its discussion the Board aptly states: "Moreover, the medical testimony in this case falls short of that standard required under law. . . It is not enough for the doctors to say simply, that the ailment in question could have resulted from the cause assigned. They must go further and testify at least, that, taking into consideration all the attending data, it is their professional opinion the result came from the cause alleged". Where, as in the case at bar, there is no obvious causal relationship between the alleged accident and the resulting physical condition, unequivocal medical testimony is necessary: *Urbasik v.*

*Johnstown*, 198 Pa. Superior Ct. 232, 182 A. 2d 90. To constitute such unequivocal testimony, the medical witness must testify that in his opinion the result in question did come from the assigned cause, and a less direct expression of opinion does not constitute legally competent evidence: *Washko v. Ruckno, Inc.*, 180 Pa. Superior Ct. 606, 121 A. 2d 456.

There is another bar to claimant's recovery in the instant case. Where there is no accident in the ordinary lay understanding of the term, disability which occurs in the performance of claimant's usual duties is not compensable if it results from the aggravation of a pre-existing physical weakness: *Findon v. Nick Chevrolet Co.*, 204 Pa. Superior Ct. 99, 203 A. 2d 238. Dr. Richards testified that, in view of claimant's congenital spondylolisthesis, "there is certainly a pre-existing weakness in the lower back". In *Williams v. New Bethlehem Burial Service*, 167 Pa. Superior Ct. 364, 74 A. 2d 677, claimant suffered from a congenital spondylolisthesis which rendered him more susceptible to injuries of the back. In affirming a decision of the Board against the claimant, this court said: "It is well established that disability overtaking an employe at work is not compensable unless it is the result of an accident, and to constitute an accident there must be some untoward occurrence aside from the usual course of events. A pre-existing condition or disease rendering a claimant more susceptible to injury does not necessarily defeat his right to compensation, but proof of the aggravation of a prior condition, in itself, is not enough; that fact does not give rise to an inference that its cause was accidental. There must be clear proof of an accident".

Claimant cites *Gasparovich v. Federal Reserve Bank of Cleveland*, 194 Pa. Superior Ct. 137, 166 A. 2d 57. In that case, prior to his employment, claimant had passed a physical examination by the employer's

doctor. The medical testimony clearly established that, while claimant was performing his normal duties, an unusual pathological result occurred, namely, a recurrent protusion of the intervertebral at the fourth vertebra. The pivotal question was whether claimant had a pre-existing back condition, and on this issue we were not unanimous. The *Gasparovich* case is presently of doubtful authority, and is not to be extended beyond its exact factual situation.

Claimant advances the further argument that the recurrence of his back trouble on December 18, 1961, was an aggravation of his prior injury on August 2, 1961, citing *Gallagher v. Hudson Coal Co.*, 117 Pa. Superior Ct. 480, 178 A. 161. In that case, claimant had previously fractured his knee cap in a fall, clearly an accident in the ordinary meaning of the term. Eight months later, his injured knee gave way as the result of the former injury. In the instant case, as previously indicated, the incident on August 2, 1961, was not an accident within the meaning of the Workmen's Compensation Act.

Claimant finally argues that the work he was performing on August 2, 1961, required materially greater exertion than that in which he was ordinarily engaged, citing *Sosna v. Ford Motor Co.*, 192 Pa. Superior Ct. 456, 161 A. 2d 657; and *Morgan v. Michael Baker, Jr., Inc.*, 204 Pa. Superior Ct. 521, 205 A. 2d 668. In each of these cases the Board found that the claimant was performing work which differed in nature from his usual occupation. In the *Sosna* case, a car painter was required to push back a car which had accidentally slipped off the turn-table. In the *Morgan* case, a transportation manager was performing unusual and unexpected duties arising out of a heavy snowfall. In the instant case, it is clear that claimant was engaged in the performance of his customary work, and the Board so found. This finding

was in accord with the evidence, and was binding on the court below: *Peron v. Phoenix Park Coal Co.,* 202 Pa. Superior Ct. 495, 198 A. 2d 370.

The order of the court below is reversed, and the claim petition is dismissed.