Petroski, Appellant, *v.* Piasecki Aircraft Corp.

Argued June 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*John A. Eichman, 3rd,* with him *Clark, Spahr, Eichman & Yardley,* for appellant.

*David L. Pennington,* for appellees.

Opinion Per Curiam, September 12, 1968:
Order affirmed.

_____

Dissenting Opinion by Hoffman, J.:

Claimant, Edward Petroski, was hit on the head by a clamp while at work in defendant's plant on December 7, 1962. He averred in his claim petition that he sustained a partial disability as a result of the accident. The defendant admitted the occurrence of the accident, but denied the averred injuries.

After a hearing, the referee found that claimant had suffered a partial disability resulting from his accidental injury and awarded compensation for approximately 21 weeks, at scattered intervals, and continuing maximum partial benefits from the time of the hearing.

An appeal by the defendant to the Workmen's Compensation Board resulted in a reversal of the referee's decision. The Board specifically found:

"1. Claimant sustained an accidental injury on December 7, 1962, while working for defendant, when he was struck on the head by a two and one-half pound clamp which fell from a loft.

"2. As a result of the accident, claimant suffered a cerebral concussion of mild to moderate degree, and his wound required three sutures.

. . .

"6. Claimant has failed to sustain his burden of proving that he suffers any disability resulting from his accident."

The Board's opinion stated: "The only testimony in the record on the question of disability is the testimony of Dr. Sall, and he testified that claimant is not disabled as a result of his accident. . . . This is par-

ticularly true in view of the fact that claimant continued working for more than three years subsequent to the accident with no loss of time attributable to the accident. In such cases, clear and unequivocal medical testimony is required to support an award. The testimony of Dr. Sall is not of that standard."

Claimant appealed to the Court of Common Pleas, which affirmed the Workmen's Compensation Board's decision. This appeal followed.

Our Court has often stated that the Board may accept or reject, in whole or in part, testimony given by any witness, and that the Court must view the evidence in the light most favorable to the party having the Board's decision. See, e.g., *Moore v. MacArthur Pile Corp.*, 193 Pa. Superior Ct. 512, 165 A. 2d 275 (1960). "Nor is the Board required to accept the testimony of any witness, even though the testimony is uncontradicted." *Lowery v. Pittsburgh Coal Company*, 427 Pa. 576, 235 A. 2d 805 (1967). The Court in *Lowery*, however, in quoting the dissent in *Lowery v. Pittsburgh Coal Company*, 210 Pa. Superior Ct. 75, 231 A. 2d 899 (1967) stated: " '. . . the Board's discretion as the "ultimate fact-finder" must be qualified by its obligation to deal rationally and coherently with the evidence before it.' " at 580. In *Lowery*, the Board rejected the uncontradicted medical testimony. In the instant case, the Board has misinterpreted uncontradicted medical evidence, and in my view, has not "rationally and coherently" dealt with it.

Dr. Sall, as well as the Board, concede that claimant suffered an accidental injury. Both agree that claimant suffered a cerebral concussion. At no point did Dr. Sall find that there was no continuing disability due to the accident. Dr. Sall did state that claimant, in his opinion, recovered from the cerebral concussion, but further stated: *"However, as a result*

*of his accidental experience he has a psychoneurosis* that is motivated by both factors of an unconscious nature as well as factors close to the level of consciousness." [Emphasis added] This statement supports the continuing symptoms that claimant himself testified to at the hearing and found by Dr. Sall in examining claimant. Although Dr. Sall testified ". . . that this man had a psychoneurotic reaction in the past which supports the diagnosis at this time," he at no time said that his past condition in any way caused the present condition. Rather, Dr. Sall's statement that claimant continues to have a psychoneurosis "as a result of his accident" specifically refutes any inference that the disability is attributable to anything other than the accident.

This finding concurs with the fact that claimant was treated for a period of two and one half years by a Dr. Mallin, who was paid by the insurer of claimant's employer. Claimant only stopped going to Dr. Mallin because the company refused to pay for further treatment and claimant could not afford to pay him.

It should also be noted that the Board supports its finding of no disability on the ground that the claimant continued to work at his job for an extended period subsequent to the accident. In *Michael v. Roadway Express, Inc.*, 211 Pa. Superior Ct. 238, 242, 235 A. 2d 627 (1967), our Court stated that ". . . since loss of earning power is based only partially on wage level subsequent to the injury creating the disability, it is conceivable that a claimant may at some point thereafter earn as much as, or more than, he received previously." In *Ede v. Ruhe Motor Corp.*, 184 Pa. Superior Ct. 603, 607, 136 A. 2d 151 (1957), our Court stated: "Where there is disability and loss of earning power, but the employe receives as much in wages for his services as he did before the injury, an award may be

made but the payment of compensation must be suspended [citations omitted]."

The above cases aptly apply to the instant one. Here, the claimant continued on the job at the same pay rate as he did before the accident. He also secured other jobs at similar pay. Nevertheless, he did suffer an accident. The issue whether claimant suffered a compensable partial disability through an accident is, therefore, completely distinct from the issue of whether he has suffered financial loss due to that disability.

In reviewing the record, it is my opinion that the Board, as the Supreme Court found in *Lowery*, went beyond its role as a "fact finder." The Board, in relying on Dr. Sall's statements, has erroneously interpreted them in making its findings of fact. See *Lowery v. Pittsburgh Coal Company*, 427 Pa. 576, 580, 235 A. 2d 805 (1967).

I would, therefore, remand the record to the Board for further findings of fact. If it should find that claimant has suffered a partial disability, it should then grant an award for any loss sustained by reason of the disability and/or suspend such award until claimant can prove that he has suffered loss due to that disability.

SPAULDING, J., joins in this dissenting opinion.