QUESTION:
Can the Department of Agriculture and Consumer Services and Department of Transportation serve inspectors driving their private automobiles through state-operated gasoline stations where adequate accounting procedures exist?
SUMMARY:
In the absence of statutory authority, express or necessarily implied, state-owned and operated "G" stations that dispense gasoline to state-owned equipment and motor vehicles on state credit cards should not be authorized to sell gasoline to state employees for use in operating their privately owned vehicles in carrying out their official duties.
Under established purchasing, distribution, and accounting procedures, gasoline is purchased at wholesale by the state under competitive bidding procedures for use principally by employees of the Department of Transportation and the Division of Forestry of the Department of Agriculture and Consumer Services in operating state-owned equipment and motor vehicles. The gasoline is distributed through state-owned gasoline pumps — so-called "G" stations — to the state-owned equipment or vehicle designated in a credit card issued to the operator of the equipment or vehicle. I understand that any state employee who exhibits such a credit card may obtain gasoline from a "G" station for the operation of the state-owned vehicle in his possession and designated in the credit card. Because of the gasoline shortage, difficulties are presently being encountered by Department of Agriculture and Consumer Services inspectors who drive their personal cars in carrying out their official duties; and it has been suggested that they be authorized to purchase, for cash, a designated amount of gasoline from a particular "G" station — the amount having been allocated on the basis of the number of miles ordinarily travelled by the inspector in question in carrying out his official duties in the area serviced by that station.
It goes without saying that the state agencies in question, like any other statutory administrative body, have only such powers, duties, and authority as are conferred on them by law, either expressly or by necessary implication; and any reasonable doubt as to the lawful existence of a particular power must be resolved against the exercise of that power. City of Cape Coral v. GAC Utilities, Inc. of Florida, 281 So.2d 493, 496 (Fla. 1973), and cases cited. No statute authorizing the agencies to sell state-owned gasoline to state employees for use in their private vehicles in carrying out their official duties has been cited, nor has independent research revealed any law from which such authority may be implied. This being so, the application of the rule referred to above would, without more, require a negative answer to your question.
However, a consideration of the problems inherent in such a plan confirms the view that this is a matter that should be provided for by the legislature. For example, how much would the state employee be charged for the gasoline? Would he pay the regular retail rate currently being charged for the same grade and brand of gasoline, or would he pay the wholesale cost to the state? Would the dispenser of the gasoline at the "G" station be required to collect from the state employee and account to the federal government for the federal excise tax on the gasoline, even though the state did not, at the time it was purchased from the wholesaler, pay that tax? Cf. Tirrell v. Johnson, 171 A.2d 641,650-651 (N.H. 1934), aff'd 293 U.S. 533, ruling that a rural mail carrier who used his own car in delivering the mail was not entitled to an exemption from gasoline excise taxes; and AGO 070-153, relying on the New Hampshire decision in ruling that city employees who use their own automobiles for city business are not entitled to exemption from the Florida state sales tax and the federal excise tax in the purchase of tires for those automobiles. If the employee is charged only the wholesale rate for gas, would he still be entitled to the full mileage allowance authorized by s. 112.061, F.S., for travel by public employees in their privately owned vehicles? Should the right to purchase gasoline from "G" stations be limited to Department of Agriculture and Consumer Services inspectors? Similar difficulties in obtaining gasoline to operate privately owned vehicles on official business are, presumably, being encountered by all state employees. What officer or agency of state government would establish a system of priorities as between employees of the various state agencies?
I am cognizant of the very important role played by many employees of the Department of Agriculture and Consumer Services in carrying out their inspection duties and of your desire to obviate, if possible, the adverse effect upon the availability of products subject to inspection, such as meat, that may result from delays in obtaining gasoline to carry out regularly scheduled inspections. However, it seems clear that only the legislature — or a designated state agency to which the legislature has delegated the appropriate rule-making power — should answer such questions as those hypothesized above; and it necessarily follows that, in the absence of legislative authorization and a program or plan for the sale of gasoline to state employees adopted pursuant to such statutory authority, such a program or plan should not be undertaken.
Your question must, therefore, be answered in the negative.